JAMES O. MILLER *et al.*

*v.*

EARL D. RIDDLE, Admr. *et al.*

*Opinion filed April 18, 1907.*

1. RELIGIOUS SOCIETIES—*what is necessary to constitute a religious society.* In order to constitute a religious society there must be a membership of persons associated together which collectively constitutes the society, with such officers as are required, or at least a definite collective body acting as a society.

2. SAME—*religious society may be dissolved by abandonment or non-user.* If there has been no collective body associated together, acting as a society, for such a period of time that an inference of abandonment necessarily follows, the society must be regarded as dissolved, even though there has been no formal dissolution by agreement of the members.

3. SAME—*when trust fund reverts to heirs.* Where a religious society which was in existence and exercising its functions at the death of a testatrix is made the beneficiary of a trust fund, but sub-

sequently, for a period of fifteen years, has had no pastor, has held no meetings or religious services of any sort and has allowed its church building to decay, the society must be regarded as dissolved, and the trust fund reverts to the heirs of the testatrix.

4. Same—*what is not sufficient to re-create a society.* Where a religious society which was the beneficiary of a trust fund has abandoned all its purposes for a period of fifteen years the society must be regarded as dissolved, and the mere fact that, after the filing of a bill by the heirs of the testatrix to construe the will and determine the ownership of the fund, eleven persons who were formerly members of the society meet and elect three of their number as trustees is not sufficient to re-create the society and re-invest the trust fund in it.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding.

John E. Pollock, Henry D. Spencer, and Monroe & Schoch, for appellants.

Welty, Sterling & Whitmore, for appellee Earl D. Riddle.

Mr. Justice Cartwright delivered the opinion of the court:

Esther Ireland died in 1879, leaving a last will and testament, by which, in addition to providing for the payment of funeral expenses and just debts and making some small bequests, she gave all her remaining real and personal estate to her nephew, John Livingston, and Cornelia Livingston, his wife, and the survivor of them, during their lives. John Livingston was given power to sell the real estate or have an administrator appointed to do so, and if he did not exercise the power an administrator was to be appointed upon the termination of the life estate, who should make such sale as directed in the will. Out of the proceeds of such sale $200 was to be paid to Francis Webber and $1000

to Elder H. H. Ballard, who was to have the interest on that sum annually but was not to use the principal during his lifetime. The balance of what might be realized from the sale of the real estate was left for the following purposes, as expressed in the will: "As a permanent fund for the benefit of the Baptist Church at Old Town, to be in the hands of the trustees of the said church like a school fund, said church being the place of my membership. The above fund to be subject to the same rules and legal regulations as a school fund, and the trustees shall apply the interest from time to time, as may be needed, to support the church in the ministration of the Word and otherwise, or for needed repairs." Elder Ballard, who at the time of making the will, in 1879, was the pastor of the Baptist Church at Old Town, died before the death of the life tenants, and the life estate came to an end without a sale having been made. The appellee Earl Riddle was then appointed, on December 28, 1903, administrator with the will annexed of the estate, and filed his bill in this case in the circuit court of McLean county to obtain a construction of the will as to whether the bequest to Elder Ballard had lapsed and to whom the proceeds of the real estate should be paid. The bill alleged that there had been no services in the church mentioned in the will for a period of fifteen years; that the building had become dilapidated and the roof was substantially gone, and that said Francis Webber was the only person living who had been a trustee of the church. The bill made Francis Webber and the heirs of Ballard and the heirs of the testatrix defendants, and certain minor heirs of the testatrix afterward became parties complainant by their next friends. Some of the heirs answered, claiming that the legacy to Ballard had lapsed and that the Baptist Church at Old Town had ceased to exist and the religious society had been dissolved. After the bill was filed, eleven persons who had been members of the religious society had an election for trustees and elected three persons as such trustees, who, to-

gether with the members, were made defendants by a supplemental bill. Neither the trustees nor members answered the bill and they were defaulted. The court heard evidence and entered a decree establishing the right of the present society and its trustees to the fund. From that decree an appeal was taken by heirs of Esther Ireland to the Appellate Court for the Third District. The trustees and church members who had been defaulted in the circuit court did not appear in the Appellate Court or file any brief there, and that court reversed the decree under a rule of the court for that reason and the cause was remanded to the circuit court. The cause was re-docketed on notice to the parties, and the bill was amended by alleging the invalidity of the election of trustees after the bill was filed and after the right to the fund had become vested in the heirs of the testatrix. The trustees and members who were defendants were ruled to answer, but none of them answered or made any defense, and they were defaulted. The court entered a decree finding that ten members of the church were still living in the vicinity; that since the filing of the original bill they had re-organized and elected new trustees, and that they were entitled to the fund, and ordering it paid to such trustees or a trustee appointed by the court, to be used as a permanent fund for the benefit of the church. From that decree an appeal was again taken by appellants, who are heirs of the testatrix, to the Appellate Court for the Third District, where the decree was affirmed, and a further appeal was prosecuted to this court.

Appellants have filed a brief and argument in support of the errors assigned upon the record, and the administrator has filed his statement that he is indifferent as between the parties and only desires the direction of the court, but neither the trustees nor the members of the church have appeared or filed any brief or argument. The default admitted the material allegations of the bill, and whether the trustees or members are claiming any right to the fund does not appear.

The facts proved are substantially as follows: The Old Town Baptist Church, or the Baptist Church of Old Town Timber, of McLean county, was an unincorporated religious society organized prior to 1858. The requirements of the statute for the incorporation of religious societies were never complied with, but a certificate of election of trustees on September 11, 1858, was filed in the recorder's office and another certificate was filed in 1862. No certificate of the election of trustees was afterward filed and the last trustees were elected in the year 1878. The society continued in existence and held religious services until about fifteen years before the bill was filed, when all such services and meetings of the society ceased. When the bill was filed the church building was decayed, the sills were rotten, the plaster was entirely off the ceiling and mostly off the walls, the window sashes had been knocked out and the roof was full of holes. The whole building was worth about $30 or $40. There were still in the vicinity eight women and three men who had been members of the church, and after this suit was commenced they elected three trustees, but did not resume religious meetings or take any other steps towards keeping up the society.

The voluntary religious society which was made beneficiary of the will was in existence and exercising the functions for which it was organized when the testatrix died and the will became operative, but if it has since been dissolved the property given by the will for its use has reverted to the heirs-at-law of the testatrix. (*Mott* v. *Danville Seminary,* 129 Ill. 403; *Presbyterian Church* v. *Venable,* 159 id. 215; Kales on Future Interests, sec. 126.) There was no dissolution of the society by the consent or agreement of its members, but undoubtedly there may be a dissolution by abandonment and non-user. In order to constitute a religious society there must be a membership of persons associated together, which collectively constitutes the society, with such officers as are required, or at least a definite col-

lective body acting as a society. (*Marie M. E. Church* v. *Trinity M. E. Church,* 205 Ill. 601.) If there is no such definite collective body associated together, acting as a society for such a period of time that an inference of abandonment necessarily follows, the association should be regarded as dissolved. It cannot be regarded as having a continued existence after permanently abandoning the purpose of · its creation and ceasing to exercise the functions for which it was organized. In this case there was no pastor of the church for fifteen years and there was no meeting or religious service of any sort during all that time. There was no collection of persons meeting · together for religious worship or performing any of the functions, social or religious, of an organized society. The facts proved would justify no other inference than that the society was dissolved and ceased to exist. Upon such dissolution the property reverted to the heirs-at-law of the testatrix, but after the bill was filed eleven persons who had been members of the society met and elected three trustees. In our opinion this action was not sufficient to re-create the former organization or re-invest it with a right to the property. If that could be done it would not be necessary to do anything more for another period of fifteen years, when the survivors might again elect trustees. There was nothing in the nature of a religious society or collective body sustaining church services or fulfilling any of the purposes of such society for many years before the bill was filed, and we conclude that the court erred in establishing the right of the defendants, assuming to constitute the church, to the fund in question.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*