## In re DEMING'S WILL.

(Surrogate's Court, Allegany County. July 24, 1908.)

CHARITIES—VALIDITY OF GIFT—NECESSITY OF TRUSTEE.

Laws 1893, p. 1748, c. 701, as amended by Laws 1901, p. 751, c. 291, § 1, provides that no devise to religious uses shall be invalid by reason of the uncertainty of the persons named as beneficiaries, and, if no trustee is named, then the title to such property shall vest in the Supreme Court; and section 2 provides that the Supreme Court shall have control over gifts, etc., in cases provided for by section 1, and wherever it appears that circumstances have changed, so as to make a literal compliance with the terms of the gift impossible, it shall be administered so as to effect the general purpose of the gift. Testatrix gave a certain sum to a church conference association, a corporation organized to acquire and manage funds for the maintenance of superannuated ministers, to be used to relieve aged ministers. At testatrix's death the association had been dissolved, and the executor claimed the gift to the conference association thereby lapsed. *Held* that, the purpose of the gift being to maintain aged ministers, it would have been good, even if the association had not been named as trustee, as the title would have vested in the Supreme Court under the statute; and hence the legacy did not lapse

when the conference association ceased to exist, but will be paid over to the Supreme Court, to be distributed according to the provisions of the will.

In the matter of the judicial settlement of the last will and testament of Sarah M. Deming, deceased, in which the executor contends that a certain legacy given by the will has lapsed. Judgment decreeing that the legacy has not lapsed, and ordering same to be paid into court, to be distributed in accordance with the provisions of the will.

Jesse S. Phillips, for executor.

G. M. W. Bills, for Genesee Conference of M. E. Church.

REYNOLDS, S. This matter arises on the judicial settlement, and the question involved is whether a certain legacy of $200 has lapsed. Sarah M. Deming, the deceased, was an old lady residing at Andover, in the county of Allegany, N. Y., and at the time of her death, and for many years previous thereto, was a member of the Methodist Episcopal Church, and for years had contributed moneys to the support of said church, and had also contributed moneys to be used by said church for the benefit of aged preachers of that denomination. On the 5th day of December, 1900, said deceased made her last will and testament, and departed this life on the 16th day of December, 1905. Her will was duly admitted to probate on the 30th day of March, 1906. Amongst other provisions of the will was the following:

"I give and bequeath to the Genesee Conference Permanent Fund Association, to be used by them for the relief of aged ministers of the Methodist Episcopal Church, two hundred dollars."

At the time of the execution of the will there was a corporation, duly incorporated under the laws of the state of New York, known as the "Genesee Conference Permanent Fund Association," and which was an auxiliary corporation to the Methodist Episcopal Church. The only object for which said corporation was formed and the nature of its business was to create, maintain, and manage a permanent fund for the benefit of superannuated preachers and the widows and orphans of preachers of the Genesee Conference. At the time of the death of the testatrix the said corporation had been dissolved by the Supreme Court of the state of New York and had gone out of existence, and the contention is made in this proceeding by the executor of the will that the said bequest of $200 has lapsed by reason of the fact of the non-existence of said corporation, and that the same passed to the executor of said will as the residuary legatee. On the other hand, it is claimed by the Genesee Conference of the Methodist Episcopal Church that said legacy has not lapsed, but that it should be paid into court under the provisions of chapter 701, p. 1748, of the Laws of 1893, as amended by chapter 291, p. 751 of the Laws of 1901, which are as follows:

"Section 1. No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses, which shall, in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such gift, grant, bequest or devise there is a trustee named to execute the same, the

legal title to the lands or property given, granted, devised or bequeathed for such purposes shall vest in such trustee. If no person be named as trustee, then the title to such lands or property shall vest in the Supreme Court.

"Sec. 2. The Supreme Court shall have control over gifts, grants, bequests or devises in all cases provided for by section 1 of this act, and whenever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift, grant, bequest or devise to religious, educational, charitable or benevolent uses as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may, upon the application of the trustee or of the person or corporation having custody of the property, and upon such notice as the court shall direct, make an order directing that such gift, grant, bequest or devise shall be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument, without regard to and free from any specific restriction, limitation or direction contained therein, provided, however, that no such order shall be made until the expiration of at least twenty-five years after the execution of the instrument or without the consent of the donor or grantor of the property if he be living. The Attorney General shall represent the beneficiaries in all such cases and it shall be his duty to enforce such trusts by proper proceedings in the court."

The effect might be different if the testatrix had simply said, "I give and bequeath to the Genesee Conference Permanent Fund Association;" but when she follows with the qualifying words, "to be used by them for the relief of aged ministers of the Methodist Episcopal Church," it is evident the intent of the testatrix was to benefit the aged ministers of the Methodist Episcopal Church, and them alone, and the Genesee Conference Permanent Fund Association was only chosen to carry out the intent and wishes of the testatrix, and the only interest it could have in such fund, were it in existence now, would be as trustee of the same. The statute above cited provides that:

"If no person be named as trustee, then the title to said land or property shall vest in the Supreme Court."

So it must follow that, if the testatrix had not named the Genesee Conference Permanent Fund Association as the body to carry out this trust, it would have still been a valid bequest, and been handled by the Supreme Court under said statute; and it would seem that because a corporate body, which was in existence when the will was executed, was named as such trustee, and had afterwards ceased to exist before the will became operative, cannot defeat the purpose of the testatrix, and for that reason it must follow that said legacy has not lapsed, but should be paid into court under the provisions of the statute above quoted, to be controlled and disposed of by it in accordance with the provisions of said will.