(81 Misc. Rep. 39.)

TORREY v. DAY et al.

(Supreme Court, Special Term for Trials, Kings County. May 2, 1913.)

CHARITIES (§ 22*)—VALIDITY OF CHARITABLE TRUST.
    A will bequeathing the residue of testator's estate to "the cause of charity," to be expended by his executor at such times and in such amounts as he might "elect to disperse," to worthy individual cases and to various institutions dedicated to the cause and alleviation of human

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

suffering, calling the executor's attention to the dire necessities of inadequately endowed hospitals, and disapproving of any financial assistance being rendered to institutions engaged in establishing and maintaining foreign missions, was valid, since the principle is now firmly established that, if a charitable purpose pervades and dominates the bequest, the scheme and purpose of the testator should be upheld and enforced.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 51–56; Dec. Dig. § 22.*]

Action by Frank B. Torrey, as executor and trustee under the will. of Edward Warren Day, deceased, against Elbert H. Day and others. Judgment for plaintiff.

Miller, King, Lane & Trafford, of New York City, for plaintiff.

Geo. W. McKenzie, of Brooklyn, for defendants.

MANNING, J. This case involves the construction to be placed upon the residuary clause of the testator's will; the exact wording of such clause being as follows:

"I give and bequeath the balance to the cause of charity, to be expended by my executor at such times and in such amounts as he may elect to disperse, to worthy individual cases and to various institutions dedicated to the cause and alleviation of human physical suffering, calling his attention to the dire necessities of inadequately endowed hospitals, or those insufficiently appropriated for by legislative or governmental provision, such indifference and neglect constituting a stain upon justice and human decency of a Christian community, badly saturated with impure luxuries and extravagant excesses. To institutions of this character, dispensing aid and assistance, I commend his earnest attention, but to institutions engaged in the practice of establishing and maintaining foreign missions I earnestly and heartily disapprove of his rendering any financial assistance whatever."

If, by any possible rule of construction, doubt or uncertainty could be attributed to the gift in question, it seems to me that the situation is materially cleared by legislative enactment and the trend of judicial decisions pronounced within recent years. The principle is now firmly established that, if a charitable purpose pervades and dominates the bequest, the scheme and purpose of the testator should be upheld and enforced.

It will be noticed that the testator specifically makes the gift "to the cause of charity." This is the basic designation of his bounty. He further directs that the amount of his bequest "be expended by my executor at such times and in such amounts as he may elect to disperse, to worthy individual cases and to various institutions dedicated to the cause and alleviation of human physical suffering, calling his attention to the dire necessities of inadequately endowed hospitals, * * *" and his intent is further emphasized by the objection to any part of his estate being given to "maintaining foreign missions. * * *" Hence, if the will be given the just, equitable, and liberal construction which the courts in recent years seem disposed to give to similar testamentary documents, there seems to be no good reason why this clause should not be upheld.

The law relative to charitable bequests and trusts has been so recently discussed and settled by the Court of Appeals, it would serve

no useful purpose to attempt a review of the question. The following authorities seem applicable to the case at issue here, and a reference to them is all that seems necessary: Laws 1893, c. 701; Personal Property Law (Consol. Laws 1909, c. 41) § 12; Real Property Law (Consol. Laws 1909, c. 50) § 113; Matter of Cunningham, 206 N. Y. 601, 100 N. E. 437, and cases therein cited; Matter of Robinson, 203 N. Y. 380, 96 N. E. 925, 37 L. R. A. (N. S.) 1023; Matter of Davis, 77 Misc. Rep. 72, 137 N. Y. Supp. 427, affirmed by the Appellate Division, Second Department, in memorandum opinion, April, 1913, 141 N. Y. Supp. 1115. The clause of the testator's will in issue is construed as a valid one in accordance with the foregoing memorandum.

Judgment for the plaintiff, upholding the gift. Costs to all parties appearing and filing briefs, to be paid out of the estate.