## In the Matter of the Estate of JOHN B. DONCHIAN, Deceased.

Surrogate's Court. New York County, March (Received April, 1923).

Wills — construction — trust fund created for widow in lieu of dower — election by widow to take dower — acceleration of remainder of trust — when accumulation of income void — charitable uses — cy pres doctrine — retention of fund within jurisdiction of court.

The residuary estate of testator, who was born in Asia Minor, was bequeathed to trustees in trust to hold, invest and reinvest, collect the income thereof and pay therefrom to testator's wife during her lifetime $8,000 in equal quarter yearly payments. Whenever the annual revenue from the estate was insufficient to yield that amount the trustees were authorized and directed to provide the deficiency out of the principal of the estate. Upon the death of the wife the entire principal of the estate including any accumulated income was devised and bequeathed to the " American Board of Commissioners for Foreign Missions," a Massachusetts corporation, duly authorized by the laws of New York to take personal property by bequest, upon condition that the corpus of the estate be segregated as the " John B. Donchian Foundation Fund " and that the income therefrom be expended in the city of testator's birth and in two other cities in Asia Minor for the charitable, educational, religious or eleemosynary purposes of asylums, hospitals, schools and churches in said cities. The will declared that " the provisions hereinbefore made for my wife shall be in lieu of all her right of dower in my estate and are conditional upon her consent that the proceeds of all my life insurance policies wherein she is designated as beneficiary be transferred to my executors and trustees." The widow elected to take dower and refused to turn over to the estate the life insurance money which exceeded in amount $50,000. *Held*, that under the language of the clause declaring the provisions made for testator's wife should be in lieu of dower, etc., and by her election to reject the benefits given to her by the will she forfeited not only the trust income but also a legacy under another clause of the will, and in consequence the life estate given to her fell, the disposition as to the excess income over $8,000 failed, and the direction for the accumulation of income was void.

The remainder was, therefore, accelerated and one-half thereof should be paid after the deduction of debts to the " American Board of Commissioners for Foreign Missions," the bequest to it in excess of one-half the estate being invalid under section 17 of the Decedent Estate Law.

In opposition to extrinsic testimony held insufficient to establish the impossibility of compliance with the conditions of the gift to the American Board it submitted proof that the suspension of its activities had been temporary only, due to the recent war with Greece, that many Christians still remain in the cities mentioned in the trust and that the representatives of the present Turkish government have extended assurances of the speedy restoration of the former status of said board and other foreign philanthropic and religious missionary

societies. *Held*, that in the circumstances the gift was not void *ab initio*, neither did it lapse. If the improbable situation be ultimately created where the objects of the gift cannot be carried out the aid of the Supreme Court of this state may be invoked under the *cy pres* doctrine to apply the income to some cognate purpose.

The conditions in the will with regard to the investment and retention of the trust fund in the United States must be fully complied with, and testator having died a resident of New York the fund will be retained there subject to the possible direction of the Supreme Court as to the application of the income to other similar purposes.

The power of sale given the executors in order to convert and distribute the estate in cash, as directed by the will, was not affected by the widow's election.

Proceeding to construe a will.

*Mark G. Holstein*, for executors.

*Malcolm R. Lawrence* (*Herbert R. Kaus*, of counsel), for Evelyn S. Donchian.

*Ingram, Taylor & Schenck* (*Warren A. Schenck*, of counsel), for rsepondents.

*Milton B. Ignatius*, for respondents.

*Noble, Morgan & Scammell* (*William Osgood Morgan, James H. Kirkpatrick*, of counsel), for American Board of Commissioners for Foreign Missions.

*Hartwell Cabell* (*Milton B. Ignatius*, of counsel), special guardian.

Foley, S. John B. Donchian died on September 14, 1921. His will was admitted to probate on the 18th day of November, 1921. He left him surviving a widow, two brothers, since deceased, a sister and two groups of nieces and nephews, children of a deceased brother and a deceased sister. The estate approximates $400,000.

In this proceeding for a construction of the will several questions have arisen:

*First*. The testator by paragraph 2 of his will bequeathed to his wife " The sum of Five thousand Dollars and all jewelry, automobiles, furniture and other household effects of which I shall die seized and possessed, absolutely and forever." After making other general bequests he bequeathed the residue to his trustees in trust " To hold, invest and reinvest the same, collect the income thereof and to pay Eight thousand Dollars of such income, in equal quarter yearly payments to my wife Evelyn S. Donchian, during the term of her natural life. Whenever the annual revenue derived from my estate is insufficient to yield said sum of Eight thousand Dollars, my said Trustees are hereby authorized and directed to provide the deficiency out of the principal of my said estate." The first question to be determined is as to the effect of paragraph 6 of the will, which reads as follows: " *Sixth*. The

provisions herein before made for my wife shall be in lieu of all her right of dower in my estate and are conditional upon her consent that the proceeds of all my life insurance policies wherein she is designated as beneficiary be transferred to my Executors and Trustees." The widow has elected to take dower in the real estate and has refused to turn over to the estate the proceeds of the life insurance policies which exceeded $50,000, and in which she was named as beneficiary. The widow contends that this paragraph refers only to the trust provisions for her benefit. I hold that under the language of paragraph 6 and by her election to reject the benefits given to her in the will, she forfeits not only the trust income, but also the legacy under paragraph 2.

*Second.* The 7th paragraph of the will reads as follows: " *Seventh.* Upon the death of my wife, Evelyn S. Donchian, I hereby give, devise and bequeath the entire principal of my estate, including any accumulated income, unto the ' American Board of Commissioners for Foreign Missions,' incorporated in Massachusetts in 1812, and having a branch office at #105 East 22nd Street, Borough of Manhattan, City of New York, upon condition that the corpus of my said estate be segregated as the ' John B. Donchian Foundation Fund ' and that the income derived therefrom be expended in the City of Diarbekar, Asia Minor, my birthplace, and also in the cities of Mardin and Harpout, Asia Minor for the charitable, educational, religious or eleemosynary purposes of asylums, hospitals, schools and churches in said cities." By the widow's election her life estate falls in and the disposition as to the excess income over $8,000 per year likewise fails. The direction for the accumulation of income in this paragraph is void. The remainder is accelerated, and should be paid to the American Board of Commissioners for Foreign Missions, the remainderman of the trust, subject to the conditions hereafter laid down. *Matter of Silsby*, 229 N. Y. 396, 404; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; *Kalish* v. *Kalish*, 166 N. Y. 368, 375; *Matter of Kohler*, 231 id. 353, 376.

*Third.* The most important question to be determined is the contention of the widow and several of the next of kin that the gift of the residue exceeding $300,000 to the American Board of Commissioners for Foreign Missions (a) is wholly void for indefiniteness and impossibility of compliance with the conditions attached to it by the testator; or (b) is partially void because it contravenes the provisions of section 17 of the Decedent Estate Law, since the decedent, leaving a widow, has devised or bequeathed to a benevolent, charitable, religious or missionary corporation more than one-half of his estate. It is claimed that this devise or bequest is valid to the extent of one-half of the estate, after the deduction

of debts, and no more. It will be noted that the gift is to the American Board of Commissioners for Foreign Missions " upon condition that the corpus of my estate be segregated as the ' John B. Donchian Foundation Fund ' and that the income derived therefrom be expended in the cities named." That corporation was formed in 1812 pursuant to the provisions of a special act of the laws of Massachusetts. By a special law, enacted by the legislature of the state of New York (Laws of 1877, chap. 376) the corporation was authorized to take by gift, devise or bequest personal property and to hold real and personal property for its corporate uses and purposes, with certain limitations not applicable here. The original act of incorporation sets forth that the corporation was formed for " the purpose of propagating the Gospel in heathen lands, by supporting missionaries and diffusing a knowledge of the holy scriptures." The board has established and maintained in foreign lands asylums, hospitals, schools, missions and churches, and is engaged in charitable, educational, religious and eleemosynary works. For a long period of years it maintained these activities in the Ottoman Empire, and particularly in Armenia. At the outset it is clear that the gift to the corporation is absolute and created no trust. *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462, 467; *Matter of Griffin*, 167 id. 71, 84, majority opinion of the court by Cullen, J. In the latter opinion the rule applicable is stated to be that " such a gift, though the corporation may be instructed to maintain the principal intact and use the income only for a specific purpose, does not create a trust." The widow and next of kin vigorously contend, however, that events in Turkey and Armenia and the mandates of the new Angora government have rendered impossible the fulfillment of the conditions imposed upon the board by the testator. They claim that Mr. Donchian's intent was primarily to assist his former countrymen in the three cities mentioned. Certain proof has been submitted by them that by reason of the massacres in Armenia and the attitude of the Turkish Nationalist government, these cities and the surrounding territory have been depopulated of their Armenian residents, that the latter have been massacred or driven into exile, and that the activities of the board have been permanently suspended in that territory. They also maintain that the restrictions imposed by the so-called Kemalists prohibit the continuance of the board's activities and that the resurgance of Mohammedanism precludes the ownership of lands by Christians or Christian societies, the employment of Christian teachers and other objects contemplated by Mr. Donchian in his will. In opposition to this testimony extrinsic proof has been submitted by the American board that

the suspension of the activities of the board has been temporary only, due to the recent war with Greece, that many Christians still remain in these cities, and that the representatives of the present Turkish government have extended assurances of the speedy restoration of the former status of the board and other foreign philanthropic and religious missionary societies. Under these circumstances it cannot be said that the gift is void *ab initio* and that the purposes of the testator cannot be effectuated. The work of the missionaries has been interrupted on other occasions by war or disturbed foreign conditions. The very purposes expressed by the testator for the expenditure of the income from the fund in the cities of Diarbekar, Mardin and Harpout have been carried out for upwards of fifty years by the corporation. In Harpout, Euphrates College was established by it in 1875 and before the World War had on its rolls 1,000 students. In that city it also maintained several orphan asylums, schools and a hospital. In Diarbekar the board has co-operated with local schools and had arranged for the building of a church and hospital. In Mardin it has likewise co-operated in evangelical, education and medical work. War and military operations have merely suspended these activities. It has also been established before me that the state department of the United States has not recognized the attempted abrogation by Turkey of the " capitulations " or grants or privileges to American citizens and societies. I hold, therefore, that the extrinsic testimony is insufficient to establish impossibility of compliance with the conditions, and that the gift to the American board does not lapse. If the improbable situation be ultimately created, where the objects of the gift cannot be carried out, the aid of the Supreme Court of this state may be invoked under the *cy pres* doctrine to apply the income to some cognate purpose. *Sherman* v. *Richmond Hose Co., supra,* 472; *Matter of Shattuck,* 193 N. Y. 446; Pers. Prop. Law, § 12; Real Prop. Law, § 113, re-enacting the Tilden Act of 1893.

*Fourth.* The bequest to the American board is invalid under section 17 of the Decedent Estate Law in so far as it exceeds one-half of the estate, after the deduction of debts. Ascertainment of this amount must await the final accounting.

*Fifth.* The power of sale contained in paragraph 8 of the will is not affected by the widow's election, and the executors have the necessary power to convert and distribute the estate in cash, as directed by the will.

*Sixth.* The American board must fully comply with the conditions contained in paragraph 9 with regard to the investment and retention of the fund in the United States. In view of the fact

Appellate Term, First Department, April, 1923.          [Vol. 120

that the decedent was a resident of New York, it would appear proper that the fund be retained within this state, subject to the jurisdiction and supervision of our Supreme Court and its possible direction as to the application of the income to other similar purposes.

Submit decree construing will accordingly.

Decreed accordingly.