In the Matter of the Will of WILLIAM ALLEN, Deceased, and of the Accounting of ANNIE B. ALLEN et al., as Executors Thereof.

ELEANOR A. HOXIE et al., Individually and as Executors of ISABELLA M. CAPSTICK, Deceased, Appellants; MOUNT VERNON TRUST COMPANY et al., as Surviving Trustees of the Estate of WILLIAM ALLEN, Deceased, et al., Respondents.

*Executors and trustees — commissions — when commissions may not exceed those to which sole trustee is entitled.*

Only in case " the gross value of the principal of the estate or fund accounted for amounts " to $100,000 or to more, may the commissions allowed to trustees exceed those to which a sole trustee is entitled. (Code Civ. Pro. § 2753; Surr. Ct. Act, § 284.)

*Matter of Allen,* 202 App. Div. 810, modified.

(Argued April 16, 1923; decided April 24, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 9, 1922, which unanimously affirmed a decree of the Westchester County Surrogate's Court construing the will of William Allen, deceased, and settling the accounts of the trustees thereunder.

*Herbert C. Brinckerhoff* and *John Patterson* for appellants.

*Frank M. Buck* for trustees, respondents.

*Isaac N. Mills* and *Leroy N. Mills* for Trinity Episcopal Church of Mount Vernon et al., respondents.

*Odell D. Tompkins* for Milo J. White as executor, respondent.

*Per Curiam.* We are satisfied with the result reached in the courts below, except in one particular. The

principal of the Allen estate was less than $100,000. Only in case "the gross value of the principal of the estate or fund accounted for amounts" to that sum or to more, may the commissions allowed to trustees exceed those to which a sole trustee is entitled. (Code Civ. Pro. sec. 2753; Surr. Ct. Act, sec. 284.) The decree and order appealed from should, therefore, be modified by reducing the commissions therein allowed to the trustees to an amount equal to the commissions allowable to a sole trustee, and the proceedings should be remitted to the Surrogate's Court to determine and apportion such commissions. Otherwise the order and decree should be affirmed, with costs to all parties appearing or filing briefs on this appeal, payable out of the estate.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN, CRANE and ANDREWS, JJ.

Ordered accordingly.