In the Matter of the Legacy Given by the Will of PHOEBE E. MILLS, Deceased, to the NEW YORK MEDICAL COLLEGE AND HOSPITAL FOR WOMEN, INC.

Wills — bequest to charity — inability of corporation to use gift as directed — disposition of legacy— cy-pres doctrine.

Where a corporation, the donee of a gift for charitable uses, is incapable of effectuating the public trust imposed by its charter the court will not allow the gift to fail for want of a donee.

A domestic charitable institution duly incorporated in 1863 was engaged in the work of operating a medical college and hospital in the city of New York until 1919, when it lost its real property by a foreclosure action, since which time said corporation has not been operating and carrying out its charter powers. *Held*, that a gift of $5,000 by the will of a testatrix, who died in 1921, for the purposes imposed by the charter of said corporation, should be paid to the treasurer of the county wherein testatrix died, to await the outcome of a pending action brought by said corporation to set aside the deed of its real property to the defendant in that action, a newly-organized corporation, which operates a hospital in said real property.

The plaintiff in said action, should it recover its former real property and again become an effective charitable corporation, would be entitled to receive the legacy, and should it fail in the action, the aid of the Supreme Court may be invoked to apply the legacy to some like charitable purpose under the doctrine of  *cy-pres*.

PROCEEDING to construe a will.

*Putney, Twombly & Putney* (*Frank P. Reilly,* of counsel), for legatee.

*Joseph A. Warren,* for Community Hospital.

*Frank E. Loughran,* for Henry C. Lomb.

*Chauncey T. Fish,* for executor.

SLATER, S.   This proceeding has been brought to obtain a construction of the will in the endeavor to ascertain who should take the legacy of $5,000 given by the decedent to the New York Medical College and Hospital for Women.   The will of the decedent is dated August 3, 1917.   She died December 10, 1921.   The gift is in these words:

"*Sixth:* I give and bequeath to the New York Medical College and Hospital for Women, Inc. under the laws of the State of New York, of 19 West 101st Street, New York City, the sum of Five Thousand ($5,000.00) Dollars for the purpose of said Institution."

The New York Medical College and Hospital for Women was incorporated under the laws of the state of New York as a charitable institution in 1863 and engaged in the charitable work of operating a college and hospital in the city of New York until their property was lost to them by foreclosure action on October 8, 1919.   In February, 1921, the board of regents removed the then trustees from office for refusal to carry into effect the educational purposes of the corporation, and a new board of trustees was appointed by the chancellor of the state university (*People ex rel. Diffenbach* v. *Regents of University,* 199 App. Div. 55; affd., 234 N. Y. 561) and they are now acting as trustees, according to a certificate of the state commissioner of education, dated March 27, 1923.   The real property is now in the ownership of the Community Hospital, a newly-organized charitable corporation, and it operates a hospital in the former property of the New York Medical College and Hospital for Women.   The New York Medical College and Hospital for Women, since the fall of 1919, has not been operating and carrying out its charter powers.   It has not been, and is not now, functioning.   It is without funds, without effective organization, and is apparently incapable of doing work of a charitable character. If said charitable corporation cannot act, and does not act, then it would appear that the donor's intentions cannot be effectuated by such corporation, because the designated school and hospital is not in a position to comply with the provisions of its charter. An action is now pending in the Supreme Court wherein the New York Medical College and Hospital for Women is the plaintiff and

the Community Hospital is defendant, which seeks to set aside the deed to the Community Hospital. The designated school and hospital ceased to be a going concern during the testatrix's lifetime. The first question to be considered is: Did the fund vest in charity at all? If not, the charitable donation lapsed. Gifts to charitable institutions may lapse as well as gifts to natural persons. A lapsed legacy is one that has never vested, or taken effect (*Booth* v. *Baptist Church*, 126 N. Y. 215, 242), and lapsed legacies become a part of the residue. *Moffett* v. *Elmendorf*, 152 N. Y. 475. The residuary legatees are the Board of Home Missions of the Presbyterian Church in the United States of America and the Board of Foreign Missions of the Presbyterian Church in the United States of America.

A corporation having capacity to take may take as a residuary legatee. *Cruikshank* v. *Home for Friendless*, 113 N. Y. 337; *Matter of Allen*, 111 Misc. Rep. 93, 127; affd., 202 App. Div. 810; affd., 236 N. Y. 503. But where the particular object of the bequest is in existence as a going concern at the testatrix's death, but later ceases to carry out its functions on account of changed conditions, the fund may be applied *cy-pres* by the court. That is in those cases where the property once devoted to charity has got adrift. *Hubbard* v. *Worcester Art Museum*, 194 Mass. 280; *Osgood* v. *Rogers*, 186 id. 238. In case of consolidation, the original charity ceases to exist, but where a general charitable intent is disclosed the doctrine of *cy-pres* will be applied. *Gladding* v. *St. Matthew's Church*, 25 R. I. 628; *People ex rel. New York Phonograph Co.* v. *Rice*, 57 Hun, 486; affd., 128 N. Y. 591. The Personal Property Law, section 12 (Laws of 1893, chap. 701), confers upon the Supreme Court the power to administer the subject-matter of charitable trust *cy-pres*. In such a proceeding the attorney-general of the state is a proper and necessary party.

From the facts disclosed by the record did the donation vest in charity, or did it lapse? In *Brown* v. *Condit*, 70 N. J. Eq. 440, the court discussed the principles involved in the query and held upon the facts of that case that the doctrine of *cy-pres* did not apply as there was no charitable intention. The instant case can be distinguished and taken out of such a ruling. The will of the decedent exhibits an intention to have her property pass to charity, in fact, from a very large estate, all save $19,000, is given for charitable purposes. The general charitable purpose was prominent in her mind. At her death the particular charity was not operating, but the charitable intention could be carried out by other and similar charities. The purpose of the charity could be carried out — the donation was a valid gift to public charity in its broad sense, to be

administered by the court — whether the gift is a trust, or a donation. *Matter of Allen, supra,* 128; *Gladding* v. *St. Matthew's Church, supra; Teele* v. *Bishop of Derry,* 168 Mass. 341. The gift in the instant case was to the objects of the corporation, not to itself. *Bliss* v. *American Bible Society,* 2 Allen, 334; *Matter of Deming,* 112 N. Y. Supp. 170. The gift was marked as charitable. To hold otherwise would be to permit the destruction of the greater portion of charitable bequests made in this state during the last century. *Sherman* v. *Richmond Hose Co.,* 230 N. Y. 462, 472. The gift was for the general purposes of the hospital. Those purposes are of a public nature and are defined in the certificate of incorporation. The gift created no trust. It was a charitable donation impressed with a public trust imposed by the charter.

All the recent decisions of the courts tend to make effectual public and charitable gifts when it is possible. *Matter of Robinson,* 203 N. Y. 380; *Matter of Cunningham,* 206 id. 601; *Matter of MacDowell,* 217 id. 454; *Butterworth* v. *Keeler,* 219 id. 446; *Matter of Morris,* 227 id. 141; *Matter of Norton,* 165 App. Div. 787; *Matter of Groot,* 173 id. 436; affd., 226 N. Y. 576; *Torrey* v. *Day,* 81 Misc. Rep. 39; *Buell* v. *Gardner,* 83 id. 513; *Utica Trust & Deposit Co.* v. *Thomson,* 87 id. 31.

In such a case, if for any reason the donee is incapable of effecting the trust the court will not allow the gift to fail for want of a donee. The doctrine of *cy-pres* is applied by the court not only where a trust existed, but where property has been bequeathed to a corporation authorized to take and hold it for charitable purposes. " If circumstances have so changed that a literal compliance with the term of the gift is impracticable, then it may order the gift to be administered so as best to accomplish its purpose." The court may act on information of the state. It may act of its own motion.

It seems to the court that the principle upon which this case is to be decided is clear. The legacy should be paid to the county treasurer of Westchester county to be held awaiting the outcome of the action brought by the New York Medical College and Hospital for Women. Should its former property be recovered and said corporation again become an effective charitable corporation, carrying out its corporate purposes, it would be entitled to receive the payment of said legacy. Should it fail in the action, then the objects of the gift cannot be carried out, as it has ceased to exist as a going corporation for the purpose of exercising its charitable powers (*Miller* v. *Riddle,* 227 Ill. 53) and the aid of the Supreme Court of this state may be invoked under the *cy-pres* doctrine (the scheme of charitable approximation) to apply the legacy to some like charitable purpose. *Sherman* v. *Richmond Hose Co., supra;*

*Matter of Shattuck*, 193 N. Y. 446; Pers. Prop. Law, § 12, re-enacting the Tilden Act of 1893; *Matter of Donchian*, 120 Misc. Rep. 535; *Nichols* v. *Newark Hospital*, 71 N. J. Eq. 130; *Mason* v. *Bloomington Library Assn.*, 237 Ill. 442, 449.

Let order be entered pursuant to this opinion.

Decreed accordingly.