PHILIP GRAFF and Others, as Trustees of the LYONS BAPTIST CHURCH, Plaintiffs, *v.* CARL T. HARRINGTON and Others, Defendants.

Supreme Court, Wayne County, June 30, 1930.

*Remington, Remington & Keating*, for the plaintiffs.

*Glen & Williams*, for the defendant Baptist Missionary Convention.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave* (*Donald S. Westfall* of counsel], for the defendants Carl T. Harrington and others.

RODENBECK, J. The trust fund in question was bequeathed to the Lyons Baptist Church, " for the purpose of paying the salary of the pastor or officiating clergyman of said church and for no other purpose." The church has ceased to function, and the Baptist Missionary Convention asks to have the fund transferred to it as a successor in interest performing cognate functions to those of the church.

The Convention, among other things, was incorporated to pro-

mote, in the State of New York, the preaching of the gospel, the establishment, maintenance and assistance of Baptist churches, to give expression to the opinions of its constituency upon denominational matters, to erect houses of worship and acquire extinct Baptist church property, to re-establish churches where they have ceased to exist, and to accept, in trust, gifts granted or devised for these and other purposes.

The trustees of the church seek to have the fund transferred to the Baptist Missionary Convention, which is prepared to accept the same, provided it can be accomplished legally, but this course is opposed by the defendants, heirs at law and next of kin of the testatrix.

The intention of the testatrix was to promote the spread of Christian ideas, by providing a fund to meet the salary of pastors of the Lyons Baptist Church. The main purpose was the dissemination of Christian principles, and not the support of any particular person or class of persons. The general intent was to further the dissemination of the principles of the Baptist faith, by providing funds to meet the salary of those engaged in that work. This purpose was regarded as paramount and the fund was not to be used for " any other purpose."

The fact that a particular church was named by the testatrix is not controlling, any more than the mention of the Richmond Hose Company was vital in the case of *Sherman* v. *Richmond Hose Co.* (230 N. Y. 462). It was the protection from fires of the village of Batavia that was the general intent in that case, and here it is the support of Christian principles as expounded by the Baptist denomination. The Baptist Missionary Convention and the various Baptist churches are so closely allied that the object of the testatrix would be accomplished by transferring the fund to the former organization, with directions for its use for the payment of salaries of Baptist pastors engaged in preaching the doctrines of the Baptist denomination.

The " no other purpose " which the testatrix had in mind was such expenditures as might be required for the improvement, repair or refurnishing of the church, or similar expenditures, the payment of the salary of preachers of the Baptist faith being the vital concern, as, of course, it is, if the Baptist doctrines are to survive.

The preservation of this important instrument for the dissemination of the doctrines of the Baptist faith was the general charitable purpose prominent in the testatrix's mind, and should not fail because the Lyons Baptist Church became extinct, any more than the bequest to the New York Medical College was allowed to fail

if that institution should not be permitted to resume its corporate purpose. (*Matter of Mills*, 121 Misc. 147.) " The gift " in that case " was for the general purposes of the hospital " (*Matter of Mills, supra*, 149), and here it is for the support of the preachers of the gospel. The exact preacher or the particular church is not a determining factor in the bequest. The choosing of a new instrumentality to support preachers of the Baptist faith is an administrative matter not affecting the main purpose of the trust.

The court will look through the form of words and carry out the primary purpose that the donor has in mind. The larger the fund the more impressive this argument becomes. In this case the testatrix was in reality seeking to aid the Baptist Missionary Convention in supporting and preserving the Lyons Baptist Church, a work which, on the part of the convention, she may well have known of. In this respect the testatrix and the convention were aiding cognate purposes, the maintenance and spread of Christian principles as expounded by the Baptist denomination. If there was any particular religious purpose, it was the spread of the Baptist faith, and this is not interfered with, but is continued by transferring the fund to the Baptist Convention. This is not a case where the bequest cannot be carried out, but one where, the particular church having gone out of existence, the Baptist Convention can apply the fund to the particular purposes of the testatrix, the payment of the salaries of pastors of the Baptist faith.

It may very well be that, in course of time, the Convention may establish, in the village of Lyons, another church of the same name as that of the extinct church, and use the proceeds of the funds, provided by the testatrix, for the identical purpose specified by the testatrix, except through an institution by a different name.

Words are not a restriction upon the court in ascertaining the intent of a testatrix or of the Legislature, as shown in *Killian* v. *Metropolitan Life Ins. Co.* (251 N. Y. 44), where the word " incontestable " in an insurance policy was construed to mean a " legal " contest. The courts should not " devise " or " legislate," but where the general purpose of an instrument or statute is clear, they may declare that purpose, even though apparently restrictive words are employed.

The transfer of this fund to the Baptist Missionary Convention comes within the legal precedents in other cases (*Sherman* v. *Richmond Hose Co., supra; Camp* v. *Presbyterian Society of Sackets Harbor*, 105 Misc. 139; *Utica Trust Co.* v. *Thompson*, 87 id. 31; *Matter of Mills, supra; Matter of Donchian*, 120 id. 535; *Bowman* v. *Domestic & Foreign Missionary Society*, 182 N. Y. 494); is within the exposition of the *cy pres* doctrine as embodied in the statutes of

the State (Pers. Prop. Law, § 12, as amd.; Real Prop. Law, § 113, as amd.), following the defeat of a great charity set up under the will of Governor Tilden (*Tilden* v. *Green*, 130 N. Y. 29; see *Allen* v. *Stevens*, 161 id. 122); and is specifically provided for in the special statute enacted for the benefit of the Baptist Missionary Convention (Laws of 1894, chap. 642), which, for over a century, has carried on its religious work in establishing and providing for Baptist churches in New York State.

The general purpose of this bequest should be carried out and the fund should be turned over to the Baptist Missionary Convention to be used for the payment of salaries of Baptist clergymen.