Frankenthaler, S.
This is a proceeding for settlement of the account of the trustees of the residuary trust and for construction of the will for the purpose of determining the devolution of a bequest of one third of the remainder. Testatrix died on July 11,1930, leaving a will in which she bequeathed her residuary estate in trust, $4,000 payable annually to the life beneficiary and the balance of the income to be divided equally among three charities: The Cathedral Church of St. John the Divine, Loomis Sanatorium, and St. Luke’s Hospital. At the death of the life beneficiary the remainder is given outright one third each to the *208 three above-named institutions. Paragraph eighth, subdivision “ G ” of the will provides: “ It is my intention that the devises and bequests herein made from my residuary estate for the benefit of The Cathedral Church of St. John the Divine in the Diocese of New York shall be used by it for the general purposes of said corporation, but preferably for its charities. It is my fervent desire, however, that the respective devises and bequests herein made to Loomis Sanatorium and to St. Luke’s Hospital, as aforesaid, will be used by each of said corporations to establish and maintain a free bed or beds in their respective institutions, ‘ In Memory of Emma W. Scott. ’ ’ ’
The life beneficiary died on June 26, 1952, and question has arisen as to the disposition of the bequest of one third of the remainder to Loomis Sanatorium.
From the date of its incorporation as a charitable institution in 1896 until 1938 the Loomis Sanatorium had been maintained for the treatment of tubercular and thoracic diseases, with hospital, laboratory, and research facilities. Prior to her death in 1930, testatrix had been a patient of the institution on a number of occasions. The institution suspended operation in 1938, was reopened in 1939, was closed from 1942 to 1944, and ceased to operate as a tubercular sanatorium in 1948 as the result of a directive issued by the New York State Department of Health. In 1950, the sanatorium sold all its real and personal property, paying the proceeds to the Bernarr MacFadden Foundation, Inc., in part payment for loans made to the sanatorium. By proclamation pursuant to the provisions of section 57 of the Membership Corporations Law, Loomis Sanatorium was dissolved on October 15, 1952. The dissolution was annulled on October 15, 1953.
The court is called upon to decide whether, under the circumstances disclosed at the hearing and in the stipulation filed herein, the bequest to Loomis Sanatorium has failed and, if so, to determine the legal consequences. St. Luke’s Hospital, one of the legatees, contending that the sanatorium was not qualified to receive the bequests at the date of death of the life tenant nor is it presently competent, urges the court to apply the doctrine of cy pres. The Attorney-General and the Cathedral Church of St. John the Divine, another residuary legatee, concur in these views. The next of kin and the special guardian for unknown distributees agree that Loomis Sanatorium is not qualified but contend that the one-third remainder lapses and passes to the intestate takers.
*209 If Loomis Sanatorium is able to use the gift for the charitable purposes intended by the testatrix, there is no question but that it is entitled to the legacy. (See St. Joseph’s Hosp. v. Bennett, 281 N. Y. 115, and Sherman v. Richmond Hose Co., 230 N. Y. 462.) If, however, the sanatorium is not now capable of using the bequest for those charitable purposes, distribution must be made elsewhere (e.g., Matter of Walter, 150 Misc. 512; Matter of Brundrett, 87 N. Y. S. 2d 851; Matter of Shelton, 87 N. Y. S. 2d 853; Matter of Jones, 201 Misc. 881). The evidence in the record clearly requires such latter finding. Although its corporate existence continues, the sanatorium has ceased functioning. It owns no real or personal property, maintains no staff, and has no patients. The fact that the institution under its present management was denied the right to act as a tubercular hospital by the State of New York suggests the difficulties which lie in the way of effecting the purpose of the testatrix by payment of the legacy to Loomis Sanatorium. The amount of the legacy would fall short of the sum required to put the institution on a basis which would enable it to render adequate care of the kind which it had provided during the lifetime of the testatrix. Nor was a satisfactory showing made that circumstances may change in the foreseeable future to enable Loomis Sanatorium to fulfill the charitable purposes of the bequest. (See Matter of Niven, 180 Misc. 767, and Matter of Mills, 121 Misc. 147.) The court concludes that the named legatee is not qualified to receive the gift of the remainder.
It thus becomes necessary for the court to decide whether the bequest lapses or devolves by application of the doctrine of cy pres. As the Loomis Sanatorium was an existing corporate entity at the date of death of the testatrix and at the time of the termination of the trust, there is no occasion to consider application, as urged by the special guardian and the next of kin, of the rule that an outright bequest to a named charitable corporation which at the effective date of the gift is not in existence passes by intestacy and not under the cy pres doctrine. (See Wright v. Wright, 225 N. Y. 329; Matter of Westheimer, 124 N. Y. S. 2d 784; Matter of Walker, 185 Misc. 1046; Matter of Joseph, 62 N. Y. S. 2d 197, and cf. Personal Property Law, § 12, subd. 2-a, and Beal Property Law, § 113, subd. 2-a.) The doctrine of cy pres is incorporated in section 12 of the Personal Property Law and section 113 of the Beal Property Law which provide that whenever it shall appear to the court that circumstances have so changed since the execution of an instrument containing a gift * * * to * * * charitable * * * *210 uses as to render impracticable or impossible a literal compliance with the terms of such instrument, the court may * * * make an order directing that such gift * * * shall be administered or expended in such manner as in the judgment of the court will most effectually accomplish the general purpose of the instrument”. The doctrine is applicable whether the bequest is made to a charity outright or in trust (Sherman v. Richmond Hose Co., 230 N. Y. 462, supra; Matter of Gary, 248 App. Div. 373, affd. 272 N. Y. 635; Matter of Brundrett, 87 N. Y. S. 2d 851, supra). A prerequisite, however, to application of the doctrine is that the court find that the testatrix manifested a general intention to devote the property to charitable purposes, rather than an intent to confine her beneficence to the single institution named in the will. (See Matter of Merritt, 280 N. Y. 391; Saltsman v. Greene, 256 N. Y. 636; Matter of Rappolt, 140 Misc. 239; Matter of Gault, 48 N. Y. S. 2d 928, and Restatement, Trusts, § 399, and cases thereunder in New York Annotations.)
The language used in this will does not reflect an intention so to confine the bequest to the sanatorium as to bring about an intestacy in the event that intervening circumstances made it impossible for the institution to carry out the purposes for which it had been founded and with which the testatrix was thoroughly familiar, both as patient and as benefactress. The fact that the testatrix failed to mention any of the persons who argue for intestacy but disposed of her $400,000 estate almost entirely for charitable and religious purposes, supports this conclusion. In this connection the decision of Surrogate Slater in Matter of Mills (121 Misc. 147, supra) is enlightening. At pages 149-150 he said: “ The will of the decedent exhibits an intention to have her property pass to charity, in fact, from a very large estate, all save $19,000, is given for charitable purposes. The general charitable purpose was prominent in her mind. At her death the particular charity was not operating, but the charitable intention could be carried out by other and similar charities. The purpose of the charity could be carried out — the donation was a valid gift to public charity in its broad sense, to be administered by the court — whether the gift is a trust, or a donation. Matter of Allen, supra, 128 [111 Misc. 93, affd. 202 App. Div. 810, affd. 236 N. Y. 503]; Gladding v. St. Matthew’s Church, supra [25 R. I. 628]; Teele v. Bishop of Derry, 168 Mass. 341. The gift in the instant case was to the objects of the corporation, not to itself. Bliss v. American Bible Society, 2 Allen, [Mass.] 334; Matter of Deming, 112 N. Y. Supp. 170. The gift was marked as charitable. *211 To hold otherwise would be to permit the destruction of the greater portion of charitable bequests made in this State during the last century. Sherman v. Richmond Hose Co., 230 N. Y. 462, 472. The gift was for the general purposes of the hospital. Those purposes are of a public nature and are defined in the certificate of incorporation. The gift created no trust. It was a charitable donation impressed with a public trust imposed by the charter.” (See, also, Conway v. Bowe, 116 N. Y. S. 2d 182,189.) The testatrix’ “ fervent desire,” expressed in the will, that her gift be used to maintain a free bed or beds “ In memory of Emma W. Scott ’ ’ was not attached as a condition to the bequest and does not preclude finding of a general charitable purpose. The fundamental purpose she hoped to see served in dedicating two thirds of her estate to hospitals was to aid in the care and treatment of indigent patients. By invoking cy pres the court can prevent that general charitable purpose from being defeated by the change in conditions that has come about since the death of the testatrix, and this the court sees as its duty. Accordingly, it is held that one third of the remainder of the residuary trust vested-in Loomis Sanatorium but passes subject to the operation of section 12 of the Personal Property Law because' of the inability of the designated legatee to accomplish the result for which the bequest was intended. The court will confer with counsel and with representatives of the other institutions which have sought to intervene in this proceeding at 4:00 p.m. on October 19, 1955, with a view toward selecting as the recipient of the bequest a hospital or sanatorium capable of discharging the obligations which would attach to its acceptance in a manner in keeping with the wishes of the testatrix.
Proceed accordingly.