SIMPSON v. GOGGIN.     (No. 7963.)

Court of Civil Appeals of Texas. San Antonio. April 11, 1928.

Rehearing Denied May 2, 1928.

1. **Conversion** ⊕⟳21(1)—**Executors and administrators** ⊕⟳495(5)—**Administratrix held entitled to commissions on proceeds of sale, after intestate's death, of property of intestate's uncle distributed to estate under uncle's will, there being no conversion; "cash on hand" (Rev. St. 1925, arts. 3689, 3690).**

Administratrix *held* entitled to commissions on amount distributed to estate under will of intestate's uncle, which bequeathed residue of his estate to his nephews and nieces with provision for sale thereof and division at end of specified period, under Rev. St. 1925, art. 3689, where sale took place after intestate's death, since money so received did not constitute "cash on hand" at time of intestate's death for which commissions are denied, under article 3690; equitable conversion not giving property to be sold character of cash.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cash on Hand.]

2. **Executors and administrators** ⊕⟳495(1)—**Checks received by personal representative do not constitute cash for purpose of determining commissions (Rev. St. 1925, arts. 3689, 3690).**

Checks given by persons or corporations cannot be classed as cash for purpose of determining commissions of executors or administrators receiving them, under Rev. St. 1925, arts. 3689, 3690, unless they are conceded to be cash by parties.

3. **Executors and administrators** ⊕⟳495(1)—**Personal representative is entitled to commissions on cash collected in another state (Rev. St. 1925, arts. 3689, 3690).**

Rev. St. 1925, arts. 3689 and 3690, allowing executors and administrators to retain 5 per cent. of all sums received and paid out in cash in course of administration, permits the recovery of commissions for cash collected in another state.

4. **Executors and administrators** ⊕⟳500—**Administratrix's assertion of individual claim to proceeds of property, antagonistic to claim of estate, held not to preclude recovery of commissions, where money was paid estate (Rev. St. 1925, arts. 3689, 3690).**

Conduct of administratrix in presenting claim in behalf of herself and children to proceeds of sale of property of intestate's uncle, antagonistic to claim of estate, *held* not to preclude recovery of her commissions as administratrix, where the money was paid her for the estate, under Rev. St. 1925, arts. 3689 and 3690, though the claims of the administratrix

in behalf of herself and in her representative capacity were conflicting; administratrix not being penalized for possible loss to estate which never occurred.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Final account of Lilla H. Goggin, as administratrix of the estate of Meme S. Simpson, contested by Elise D. Simpson. The administratrix appealed from a decree of the probate court allowing commissions in a reduced amount. From the judgment of the district court allowing administratrix's commissions as claimed, contestant appeals. Judgment of district court affirmed.

Denman, Franklin & Denman, of San Antonio, for appellant.

Goggin, Hunter & Brown, of El Paso, for appellee.

FLY, C. J. This appeal is predicated on a contest of the final account of Lilla H. Goggin, administratrix of the estate of Meme S. Simpson, deceased, which contest was inaugurated by appellant, Elise D. Simpson. In the account of the administratrix there was a charge of $2,400 for her commissions. In the county court of Maverick county, sitting in matters of probate, commissions were allowed in the sum of $460, and an appeal was perfected by the administratrix to the district court. In the court last named, judgment was rendered in favor of the administratrix for the commissions claimed by her.

The controversy as to the commissions arose out of the actions of the administratrix in connection with the construction of a clause of a will made by H. S. Reed of Lexington, Ky. The clause, after several bequests made by the testator, is as follows:

"All the residue of my estate, real and personal, I desire my executor to hold in trust for the benefit of my nieces and nephews hereinafter named, paying to each of them that survive me for fifteen years after my death their equal portion of the income therefrom in semiannual installments. At the end of said fifteen years all of my real and personal estate shall be sold by my executor and trustee and divided equally among my nephews and nieces and their children. My intention is that all of my nephews and nieces and their children shall take an equal portion of my estate. The nephews and nieces who take under this will are: Mrs. Mattie Simpson Dunlap, Houston, Texas; Mrs. Lilla H. Goggin, El Paso, Texas; Mary Simpson Eagle Pass, Texas; Mrs. Catherine Bowman Banks, Columbus, Georgia; Joseph J. Reed, Knoxville, Tennessee; S. P. Simpson, Eagle Pass, Texas; William R. Bowman, Fayette County, Kentucky; Bush Bowman, Oklahoma; Andrew Bowman, Fayette County, Kentucky; John B. Bowman, New Mexico; Robert Lee Bowman, Bellaire, Ohio; and Ellen Douglas Payne, Lexington, Kentucky."

---

⊕⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A suit was instituted in the circuit court of Fayette county, Ky., for a construction of the will. The testator, Henry S. Reed, died in Lexington, Ky., in 1911, leaving a will dated January 4, 1910, in which the Security Trust Company was made executor and trustee. He named as his legatees in Texas, in addition to his sister, Mrs. Mary R. Simpson, to whom he devised $1,000 to be paid annually during her life, his nephews and nieces mentioned in the clause hereinbefore copied from his will. The Texas nephew and nieces were: S. P. Simpson, of Eagle Pass, Mrs. Mattie Simpson Dunlap, of Houston, Mrs. Lilla H. Goggin, of El Paso, and Miss Mary Simpson, of Eagle Pass. The latter, who was also known as Meme S. Simpson, died on June 20, 1924, leaving a will bequeathing the bulk of her estate to her mother, Mary Reed Simpson, and appointing her independent executrix of the will. Her property had been managed for her by her brother S. P. Simpson, who died a few months after her demise. He left a will bequeathing all his property to his wife, Elise D. Simpson, appellant herein, and his children. He was indebted to the estate of Meme S. Simpson in the sum of $7,000, which was afterwards agreed to and charged to his estate, with the understanding that it was to be deducted from his part of his sister's estate.

Suit was instituted in the circuit court of Fayette county, Ky., by the Security Trust Company of Lexington, as executor and trustee of the estate of Henry B. Reed, deceased, to secure a construction of that portion of his will which bequeathed all the residue of his estate to his nephews and nieces, of whom there were 12, which is as follows:

"At the end of said fifteen years all of my real and personal estate shall be sold by my executor and trustee and divided equally among my nephews and nieces and their children. My intention is that all of my nephews and nieces and their children shall take an equal portion of my estate."

The circuit court and the Court of Appeals, the court of last resort in Kentucky, held that the bequest was intended to be divided among the nephews and nieces, and not their children. The legatees were made parties to the suit in the Kentucky court, and Mrs. Goggin filed an answer as administratrix of the estate of Mary Simpson, deceased, in which she claimed that the estate was entitled to one-twelfth of the estate, and filed another answer in which she claimed for herself and three children, that they were each entitled to one twenty-eighth of the estate. Under one contention the estate of Meme S. Simpson would have received only one twenty-eighth of the Reed estate, and under the other one-twelfth of such estate. Mrs. Goggin appealed the case for herself and children to the Court of Appeals of Kentucky and filed no brief in that court for the estate of Meme S. Simpson, a part of which belonged to Elise D. Simpson, through her deceased husband, but filed briefs for herself and children and pressed their claim, which was antagonistic to the claim of the estate which Mrs. Goggin was under obligations in good faith to represent. The case was decided in favor of the estate of Meme S. Simpson and against Mrs. Goggin and her children. The Security Trust Company, executor and trustee, sent checks to Mrs. Goggin for the Meme S. Simpson estate share of the Reed estate amounting to $40,654.58, which was collected by her. Mrs. Goggin claimed $2,400, commissions on the amount collected by virtue of the check for the estate of Meme S. Simpson, deceased, and for other cash collected by her. The amount claimed on the Kentucky collection was $1,940.

[1] It is provided in article 3689, Revised Statutes 1925, that executors and administrators shall be entitled to receive and may retain in their hands 5 per cent. on all sums they may actually receive in cash, and the same per cent. on all sums they may pay out in cash in the course of administration. It is provided in article 3690 that commissions shall not be allowed or received for receiving any cash on hand at the time of the death of the testator or intestate, nor for paying out money to the heirs or legatees as such. The estate left by Henry S. Reed to his nephews and nieces was not in cash, but in real estate and personal property at the time of his death, and the will provided that it should be converted into cash and paid at the end of a certain period to the legatees. The interest of the legatees in the Reed estate was not in cash until the property was converted into cash, and the interest was uncertain until determined by the courts of Kentucky. There was no cash at the time of the death of the testator, and that is the only cash received on which no commissions are allowed by statute. It is contended that, because of the requirements of the will of Henry S. Reed that the real estate be converted into cash and the cash distributed to the devisees, the laws of Kentucky made the property personal property even before converted into money, but being personal property would not give it the character of cash on hand at the death of Meme S. Simpson, under the administration of whose estate in Texas the character of her estate is fixed. Neither do we think that the property, real and personal, was all converted into cash at the time of the death of Henry S. Reed by a Kentucky law that made it personal property, because it is self-evident that all personal property is not cash.

[2] The money on which the commissions were charged by Mrs. Goggin was not collected by her in Kentucky, but in Texas, when she cashed a check sent to her by the Security Trust Company. Checks given by

persons or corporations cannot be classed as cash unless they are conceded to be cash by the parties. They merely represent money and are not the cash itself.

[3] There is no statute or decision of Texas that denies commissions to the representative of an estate on cash collected in another state. The law of this state is broad enough to cover all sums of money collected by administrators. It provides:

"Executors and administrators shall be entitled to receive and may retain in their hands five per cent. on all sums they may actually receive in cash, and the same per cent. on all sums they may pay out in cash in the course of their administration."

The only exception to the compensation so fixed is cash that is on hand at the time of the death of the testator or intestate and the money paid out to the heirs or legatees. As before stated, there was no cash on hand when Meme S. Simpson died.

[4] In the suit in Kentucky court to obtain a construction of the will of Henry S. Reed, which was obscure as to whom he intended to give his estate, there were two inconsistent answers filed by the administratrix of the estate of the Meme S. Simpson estate, one of which would have reduced the portion of the Reed estate belonging to the estate she was representing from a twelfth to a twenty-eighth interest. Such action upon the part of the administratrix cannot be and is not justified by this court, although we do not believe that any bad faith upon her part was intended. Before the suit was instituted by the executor of the Reed estate in Kentucky, the husband and attorney of the administratrix had advised the executor that he thought that appellant and her children should receive one-twelfth of the estate and desired that it should be paid to them. As administratrix Mrs. Goggin asked for a construction of the will conducive to the interest of the estate she was representing, and doubtless thought she should not thereby be cut off from having a construction favorable to her children. Independent of the ethics of the matter, we do not feel that her conduct was such as to preclude her from collecting her commissions as administratrix on the money afterwards collected by her for the estate she was representing. We have not been referred to any opinion that has gone to that extent. If she had employed an attorney to represent her interest individually or those of her children she could not charge the attorney's fee to the estate, as was held by this court in Dyess v. Rowe (Tex. Civ. App.) 177 S. W. 523, which was affirmed in its decision on vital points (Tex. Com. App.) 213 S. W. 234. The acts of the administratrix as such were in favor of the estate, and while it was an impropriety to urge a private claim incon-

sistent with the claim of the estate, still that did not so penalize her as to deprive her of her statutory right to commissions on sums afterwards collected by her. Her acts in the Kentucky court did not deprive the estate represented by her of anything. No loss was suffered by her act and she should not be punished for a thing that might have happened, but did not happen. Chapman v. Brite, 4 Tex. Civ. App. 506, 23 S. W. 514.

We adopt the findings of fact of the trial judge as the conclusions of fact of this court, overrule all the assignments of error, and affirm the judgment of the lower court.