**DAY et al. v. DAY.**

No. 6280.

Court of Civil Appeals of Texas. Amarillo.

Feb. 23, 1953.

Treadway & Blumrosen, Lubbock, for appellants.

Boedeker & Ball, Lubbock, for appellee.

MARTIN, Justice.

Appellee, Mollie Day, filed in the County Court of Lubbock County, Texas, an application to probate the will of Dan C. Day, her deceased husband. The will was duly admitted to probate and Mollie Day was appointed administratrix of the estate. The administration of the estate of Dan C. Day, deceased, is still pending in the County Court of Lubbock County, Texas. Appellants, F. P. Day, Clyde C. Day, Nora Belle Brown and husband, M. B. Brown, and Creola Day acting as next friend for Ronnie Morgan Day, filed a suit in the 72nd District Court of Lubbock County; which suit they assert on this appeal is one to construe the will of Dan C. Day, deceased. In conjunction with this suit, appellants also sought injunctive relief to restrain appellee from disposing of any of the assets of the estate of Dan C. Day, deceased, until a "determination had been made by the district court construing the will of Dan C. Day, deceased, and determining the status of the property."

An examination of the pleadings of appellants as filed in the District Court of Lubbock County, Texas, reveals the following allegations as to the will of Dan C. Day, deceased, to-wit:

"That the instrument as originally written has been altered in the following respects: That after the words, 'as long as she lives and ——— it is her home * * *. 'and at her death said property is to go to our aires,' that said will, before it was changed had at the space that is now a blank, the word 'occupies' and where the word 'our' now appears in said will, it was originally written as 'my' aires."

The identity of the person who made the alleged alterations in the will of Dan C.

Day is not revealed by appellants' pleadings, but they contend that the will as drawn "to my aires", would constitute them the remaindermen as to the estate of the deceased.

■■ The determination of this appeal is governed by two principles as enunciated in O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060, 1061. The first principle is as follows:

"It is well-settled rule in this state that when an administration on the estate of a deceased person is pending in the county court or it is made to appear that a necessity for it exists, the district court only has appellate jurisdiction and has no original jurisdiction to decree a partition or distribution or settlement of the estate among the heirs of decedent until the administration in the county court has been finally concluded. * * *

"The jurisdiction of the county court having been once acquired cannot be destroyed, diminished, or suspended by any one of the parties bringing an action in another court, and any judgment or order of the latter court is void in so far as it conflicts with any judgment or order of the court first acquiring jurisdiction."

■ Under the above cited rule, since it is admitted by all parties that administration of the estate of Dan C. Day, deceased, has not been concluded in the County Court of Lubbock County, the district court has no jurisdiction of appellants' cause of action as filed in said court. O'Neil v. Norton, supra.

■ The second principle ruled on in O'Neil v. Norton, and governing a final determination of the appeal before this court, may be found in the following rule cited from said cause:

"In reaching the conclusion herein stated we have kept in mind the further well-settled rule in this state that when it appears in the nature of the case, as shown by the pleadings and proof, that the suit involves controversies and issues from which and between parties over whom the probate court did not have jurisdiction, is such that the powers of the probate court are inadequate to grant the full relief sought, then the district court has jurisdiction and may grant relief."

Tested by this rule, an examination of the pleadings of the appellants as filed in the District Court in Lubbock County, reveals that the powers of the probate court were adequate to grant the relief sought by appellants in the cause presented on this appeal.

■ The principal issue asserted by appellants' pleadings is that the will of Dan C. Day has been altered. It is not an issue in this appeal as to whether the term "to my aires" was altered to read, "to our aires". Nor does this appeal concern an issue as to the identity of the person who may have made the alleged alterations. The issue on this appeal is whether the probate court of Lubbock County has adequate power to determine these issues as pleaded by appellants in the District Court of Lubbock County, Texas. The determination of the issue as to whether the will of Dan C. Day had been altered is not within the principles governing the construction of a written will. The issue as to whether or not alterations were made in the will of Dan C. Day as pleaded by appellants has been determined to be a matter of probate procedure and not a matter of construction of a will. Stephens v. Leatherwood, Tex.Civ.App., 295 S.W. 236, affirmed Leatherwood v. Stephens, Tex.Com. App., 24 S.W.2d 819; Pullen v. Russ, Tex. Civ.App., 209 S.W.2d 630.

A summary of the appeal leads to the following conclusions: Since the appellants have raised by their pleadings in the district court the issue that alterations were made in the will of Dan C. Day, deceased, it must be conceded that until such issue is finally determined by the probate court, the actual will of Dan C. Day has not been established. Before the will at issue may be construed by any court, there must first be a determination as to which writing constitutes the last will of Dan C. Day. Therefore, appellants' first remedy,

under their pleadings that alterations were made in the will of Dan C. Day, is to obtain in the probate court of Lubbock County a determination as to the written instrument constituting the last will of Dan C. Day, deceased.

The probate court has exclusive jurisdiction to admit to probate the last will of Dan C. Day, deceased, and has duly exercised such jurisdiction and is continuing to exercise the same. Therefore, the 72nd Judicial District Court of Lubbock County had no jurisdiction of the cause filed by appellants and correctly dismissed such suit from the docket of the court. O'Neil v. Norton, supra; Longoria v. Alamia, Tex. Civ.App., 227 S.W.2d 582; Roberts v. Roberts, Tex.Civ.App., 165 S.W.2d 122, Syl. 6; Kuteman v. Stone, Tex.Civ.App., 150 S.W.2d 102.

Appellants' points of error are overruled, and the judgment of the trial court is affirmed.