Edgar F. Hazleton, S.
Julie V. Loew and the Hanover Bank filed a petition seeking the judicial settlement of their first intermediate account as executors in the above-named estate for the period from June 20, 1953 to February 15, 1957. In their petition these petitioners seek other relief as hereinafter indicated.
Under article sixth, paragraph (c) of decedent’s will, the decedent appointed “ Moody Press, 820 North La Salle Street, Chicago 10, Illinois ’ ’ to receive two thirteenths of the remainder of a certain trust disposed of under that paragraph. It appears that the proper corporate name of such legatee is “ The Moody Bible Institute of Chicago ”, a charitable nonprofit membership corporation organized and existing under the laws of the State of Illinois.
From the evidence submitted it is clear that Moody Press ’ ’ is merely a department of the Moody Bible Institute. Accordingly, it is the view of the court that the decedent intended to have the indicated share of the trust paid to the Moody Bible Institute. The obvious misnomer of the proper corporate legatee need not detain the court in effectuating the decedent’s *864 wishes. (Matter of Lane, 201 Misc. 1003.) The decree should contain a provision that the bequest to “ Moody Press ” be paid, on the termination of the trust to the Moody Bible Institute.
Petitioners also seek instructions or approval of the court with respect to several matters affecting the accounting executrix individually. Upon all the proof submitted the court finds as follows:
“ (1) the claim of the accounting executrix, Julie V. Loew, in the sum of Four Thousand Eight Hundred and Seventy Five Dollars and Ninety-two cents ($4,875.92) is sustained;
“ (2) no part of the estate taxes should be assessed against the accounting executrix individually under the broad exoneration clause contained in paragraph “ Ninth ” of the decedent’s will for the express benefit of certain specific beneficiaries, including the accounting executrix;
“ (3) the proposed sale by the executors of the decedent’s interest in woax irrc. to the accounting executrix, Julie V. Loew, for the sum of Three Thousand Five Hundred Dollars ($3,500.00) is, in the absence of any objection by other interested parties, approved.”
Under article sixth (a) (i) of his will, the decedent directed the executors and trustees to pay to Suffolk County Historical Society the sum of $200 to help defray the expense of framing certain paintings by him which were bequeathed under the same article to Julie V. Loew for life and upon her death to said society. As of the closing date of the account, the $200 has not been paid. Under article sixth (a) (ii) of the will, decedent gave his undivided one-half interest in certain chairs by Belter and miniatures of his grandparents, Jacob and Catharine Ann Vanderpoel, to the Museum of the City of New York, such bequest being tantamount to a life estate in Julie V. Loew, by reason of her ownership of the other one-half interests.
In view of the fact that the obligation to pay such $200 to the Suffolk County Historical Society may not accrue until the death of Julie V. Loew, the request of the executors that •they be relieved of any liability for such payment is granted on condition that the trustees shall continue to be liable for any such future payment.
Likewise the executors are relieved from any further liability with respect to the above-indicated paintings, chairs and miniatures. The mere fact, however, that such articles are in the possession of the accounting executrix, individually, furnishes no substantial ground for relieving the trustees, including the accounting executrix, from further liability with respect *865 to these articles of personalty. To hold otherwise would deprive the ultimate beneficiaries of such property of the protective provisions of trust principles to which they are entitled. The request of exoneration of further liability by the trustees as to these items is accordingly denied.
In the absence of objection to the executor’s account, the same is settled and allowed covering the period from June 20, 1953 to February 15, 1957.
The accounting executors are also named in the decedent’s will as trustees and, as such trustees, said parties have, by a companion petition and account, applied for a settlement of their account as such trustees from June 20, 1953 to February 15, 1957. In view of the service of citations on all interested parties and in the absence of objections to said account of such •trustees, the same is settled and allowed as filed.
Counsel to the accounting executors and to the accounting trustees are directed to settle appropriate decrees on notice to •all counsel who have appeared in each respective proceeding.