W. Vincent Grady, S.
Application has been made to this court for a decree determining the validity, construction and effect of the disposition of the property contained in certain paragraphs of the last will and testament of Mary Bergen; and also adjudging and decreeing the corporations and persons named as legatees and beneficiaries of said will; and a citation having heretofore been issued to all parties interested in this *764 application, and Van De Water and Van De Water, Esqs., 54 Market Street, Poughkeepsie, N. Y., with John B. Van De Water, Esq., of counsel, having appeared for the petitioner, and J. Leo Saxstein, Esq., West Main Street, Biverhead, N. Y., having submitted a brief purporting to be on behalf of Joan and Doris Sypher, but no authorization having been filed to represent them, and Judson 0. Williams, Esq., 259 Main Street, Poughkeepsie, N. Y., having appeared for the trustees of Reformed Church, and Nathaniel Rubin, Esq., 2 Cannon Street, Poughkeepsie, N. Y., having appeared as special guardian for Doris Bergen Sypher by appointment of this court, and J. George Spitz, Esq., 1 Washington Street, Poughkeepsie, N. Y., having appeared as special guardian for Carrie Bergen Freeth, also referred to as Carrie W. Freeth, an incompetent person, by appointment of this court, and after hearing the argument of respective counsel and reading the memoranda submitted, the court decides and finds as follows:
Under the last will and testament of Mary Bergen by paragraphs numbered “Ninth”, “Tenth” and “Eleventh”, she left $15,000 to each of three different charitable organizations of Poughkeepsie, N. Y., with the words: “ in trust, the income from which to be used for the general purposes of said corporation ”.
The question presented is whether this is a trust or an outright gift.
The law is well established that the words, “ in trust ” alone, without more, coupled with words of gift, create an immediate gift and not a trust. See Matter of Borden (142 Misc. 44). Also see Bird v. Merklee (144 N. Y. 544). In that case at page 550, the court stated, “ Gifts to religious and charitable corporations to aid in carrying out the purposes for which they are organized, whether by expending the principal of a bequest, or the income of a bequest to be invested in perpetuity, do not create a trust in any legal sense, do not offend against the statutes of perpetuities, are not to be judged by any of the well-known rules pertaining to the law of trusts as applied to private individuals ”. Also, in Wetmore v. Parker (52 N. Y. 450, 458) the learned court stated, “ The mortmain policy of this State is very simple, and is contained in each charter creating a charitable corporation. The amount of property which they may take and hold in mortmain is restricted; but their ownership is absolute, and only qualified by its artificial nature ”.
In the will under construction it appears to have been the intent of the testatrix to make a gift to the three corporations of the sum of $15,000 each, to aid them in carrying out the pur *765 poses for which they were organized, and despite the words, “in trust ” an immediate outright gift was created for (1) Young Men’s Christian Association of Poughkeepsie, N. Y., (2) Young Women’s Christian Association of Poughkeepsie, N. Y. and (3) Old Ladies Home of Poughkeepsie, N. Y.
Under paragraph numbered “Fourteenth ” testatrix provided, ‘ ‘ I give and bequeath the sum of $25,000 to the Board of Foreign Missions of the Dutch Reformed Church of America in New York City, N. Y.” It appears there is no such entity or corporate body registered by the name of 11 Board of Foreign Missions of the Dutch Reformed Church of America ”, but there is a corporation registered as ‘1 Board of Foreign Missions of the Reformed Church in America ”, 156 Fifth Avenue, New York City, N. Y.
Under paragraph numbered “ Fifteenth ”, testatrix provided, “ I give and bequeath the sum of $25,000 to the Board of Domestic Missions of the Dutch Reformed Church of America in New York City, N. Y.” It appears there is no such entity or corporate body, registered by the name of “ Board of Domestic Missions of the Dutch Reformed Church of America ”, but there is a corporation registered as “ Board of Domestic Missions of the Reformed Church in America ”, 156 Fifth Avenue, New York City, N. Y.
It is well established that a misnomer or misdescription of a legatee or devisee, whether a natural person or corporation, will not invalidate the provision or defeat the intention of the testator, if, either from the will itself or dehors the will, the object of the testator’s bounty can be ascertained (see Lefevre v. Lefevre, 59 N. Y. 434; Matter of Korzeniewska, 163 Misc. 323; Matter of Loew, 6 Misc 2d 863; Matter of Krauthoff, 141 N. Y. S. 2d 591; Matter of Stymus, 64 N. Y. S. 2d 304).
In the instant case, Mary Bergen during her lifetime was a member of the Reformed Protestant Dutch Church of New Hackensack, Dutchess County, N. Y., and made contributions to the Board of Foreign Missions of the Reformed Church in America, by checks sent to it at 156 Fifth Avenue, New York, N. Y.
In view of the cited authorities and also taking into consideration decedent’s contributions to these charities during her lifetime, it was definitely her intent by paragraphs “ Fourteenth ” and 1 * Fifteenth ’ ’ of her will to leave said bequests to ‘ ‘ Board of Foreign Missions of the Reformed Church in America ” and ‘ ‘ Board of Domestic Missions of the Reformed Church in America ”, both having offices at 156 Fifth Avenue, New York, N. Y.
*766 Under paragraph number “Sixteenth” decedent provided “ I give and bequeath the sum of $25,000 to the Fallkill National Bank & Trust Company of Poughkeepsie, N. Y., in trust, for the following uses and purposes: To invest, re-invest, and keep the same invested and to collect and receive the rents, issues, income and profits therefrom and to pay the same semi-annually to the Finance Committee of the Dutch Reformed Church of New Hackensack, Dutchess County, N. Y., for general church purposes. If at any time both the church and chapel connected therewith shall cease to be used as a Dutch Reformed Church or Chapel for six successive months, the said income shall be paid to the Classis of Poughkeepsie of the Dutch Reformed Church at Poughkeepsie, N. Y., for the support of the other churches in said Classis, needing help'and support ”.
And the decedent continues in paragraph ‘1 Twenty-second ’ ’ by providing, ‘ ‘ * * * One of said shares or parts I give and bequeath to the Fallkill National Bank & Trust Company of Poughkeepsie, N. Y., and same shall be added to and shall become a part of the $25,000 trust fund created in the Sixteenth paragraph of my Will for the benefit of the Dutch Reformed Church of New Hackensack, Dutchess County, N. Y., and shall be held and administered by said Trustee as a part of the principal of said trust fund ’ ’.
It appears that the Finance Committee of the Dutch Reformed Church of New Hackensack is unincorporated and is a group within the said church, and such Finance Committee cannot directly receive the income from the trust created under said paragraph ‘ ‘ Sixteenth ’ ’ of the will of decedent. However, it is established law that gifts to unincorporated bodies and those not eligible to receive bequests will be upheld if the said gifts are paid to the parent corporation which signifies its intention to use the bequest for benefit of the ineligible association. (Matter of Cornwall, 208 Misc. 1054; Matter of Swope, 204 Misc. 510; Matter of Farrell, 175 Misc. 430.)
It further appears that on September 23, 1793, pursuant to the Laws of the State of New York, a certificate of incorporation under the name “ REFD Protestant Dutch Church of New Hackensack ” was filed in the office of the Dutchess County Clerk, and so far as can be determined, that is the correct corporate title of the one and only church edifice located at or in the vicinity of the community generally known as New Hackensack, Dutchess County, New York.
It further appears that church and chapel services have been conducted in said church for many years, and are still being *767 conducted, and that decedent was a lifetime member of this church and resided adjacent to it and was a contributor to it during her lifetime.
It appears that the name “ Dutch Reformed Church of New Hackensack 5 ’ as set forth in paragraphs ‘ ‘ Sixteenth ’ ’ and “Twenty-second” of said will was intended by testatrix to refer to and designate “ REFD Protestant Dutch Church of New Hackensack ’ ’ as the beneficiary of the income from the trust estate created as above set forth, and her will is so construed.
Since the church designated as beneficiary of the trust under paragraph numbered “ Sixteenth ” of Mary Bergen’s will continues to function, the court will not determine at this time what will happen to this income when said church ceases to be used, and will defer that construction until the happening of the contingency.
Under paragraph numbered ‘ ‘ Seventeenth ’ ’ of her will, decedent provided, ‘ ‘ I give and bequeath the sum of $25,000 to the Christian Medical College, Hill Top 1, Kodaikanal, South India, of which Dr. Ida Scudder is now in charge, for medical purposes ”. It appears that the decedent since 1943 has made regular contributions in substantial amount to Vellore Christian Medical College Board, Inc., American Section, and many were designated “ for Dr. Ida Scudder’s work ”. It appears further that there is no legal entity known by the specific name “ Christian Medical College ” at Kodaikanal, South India, but it appears that it Avas the intent of the testatrix that the legacy specified in paragraph ‘ ‘ Seventeenth ’ ’ of her will should be paid to Vellore Christian Medical College Board, Inc., American Section, 156 Fifth Avenue, New York 10, N. Y., for the general purposes of the Christian Medical College in Vellore, South India.
Under paragraph numbered “ Twenty-second ” of decedent’s will, she provided that after giving half the income of her residuary estate to the Dutch Reformed Church of Ngav Hackensack, ‘ ‘ * * * The remaining share or part shall be divided by my Executors into as many parts or shares as I may leave second cousins surviving me and second cousins who shall have predeceased me leaving child or children surviving them, and I hereby give, devise and bequeath one of such shares or parts to each of my second cousins surviving me and one of said shares or parts to the child or children of each of my second cousins who have predeceased me in equal shares. It is my intention that the child or children of each second cousin who shall have predeceased me shall take his or her or their parent’s share or *768 part. To further illustrate, if any second cousin shall predecease me leaving more than one child the share of said second cousin shall be equaEy divided among his or her children ’ ’.
It is argued by J. Leo Saxstein, Esq., who submitted a brief for Joan Bergen Sypher and Doris Bergen Sypher, that said provision includes them as grandchildren of a second cousin (George Bergen), and Nathaniel Rubin, Esq., special guardian for Doris Bergen Sypher, an infant, takes the same position, while petitioner claims that only “child” or “children” of second cousins should take, as the words “ surviving them ” in paragraph numbered ‘ ‘ Twenty-second ’ ’ were an error on the part of the draftsman and that decedent intended them to read “ surviving me ”. This contention would include children of second cousins, but would exclude “ grandchildren ”.
The general rule of law is that the term “children” must be taken in its primary sense, in the absence of any indication to include “ grandchildren ” or “great grandchildren” (Matter of Polley, 141 Misc. 662). See, also, Matter of Schaufele (252 N. Y. 65 [1929]), where the Court of Appeals held that there must be circumstances of sufficient weight “ to overbalance the rule that ‘ grandchildren ’ are never interpreted as ‘ children ’, unless the will as a whole shows that unmistakable intent ’ ’. The Court of Appeals further stated on pages 67-68 therein that before a construction including grandchildren is justifiable, “ other expressions or clauses in the wiE must be found tending to contradict the use of a word which denotes immediate offspring, and to reveal a design to include descendants of a later generation (citations) ”.
The latest decision on this point by the Court of Appeals is reported in Matter of Villalonga (6 N Y 2d 477). By a five-to-two decision the court upheld the general rule previously stated. In this case the testatrix provided that upon the death of life beneficiaries, her son and his wife, the principal should be paid over to their surviving children. The life beneficiaries had two daughters. One daughter failed to survive, but left a child surviving who was a grandchild of the testatrix. The will further provided that failure of any children to survive, the principal was to go to children of a nephew. The court reversed the AppeEate Division and the Surrogate’s Court and held that the surviving daughter was to receive the entire amount of principal to the exclusion of the child of a deceased daughter who was the grandchild of the deceased. Chief Judge Conway in the majority opinion held that the word “children” does not include 1 ‘ grandchildren ’ ’ unless the will as a whole shows that unmistakable intent.
*769 Judge Desmond in the minority opinion states that he would affirm the lower courts in the Villalonga case (supra) and refers to Prowitt v. Rodman (37 N. Y. 42) which held nearly a century ago that the word “ children ” includes grandchildren and is a “very flexible expression”. He also quotes Matter of Patón (111 N. Y. 480) which held “ That meaning should be preferred, when the reason of the thing sustains it, which permits the children of a deceased child to inherit ”. Also in New York Law of Wills by Davids (Yol. 2, p. 1108) this theory is quoted, ‘ ‘ Where the will creates a life estate or trust, and gives the remainder or corpus to the ‘ children ’ of the life tenant or beneficiary the word will be held to include grandchildren, tht immediate descendants having died during the lifetime of their parent ”, (Also, see, Matter of Blodgett, 286 N. Y. 602; Matter of Barnes, 2 N Y 2d 787.)
However, after due consideration of the various authorities cited and with due respect to the majority opinion in the Villalonga case (supra), I conclude from reading the whole will of Mary Bergen that it was her intent under paragraph numbered ‘ ‘ Twenty-second ’ ’ to include ‘1 children ’ ’ but not “ grandchildren.” of second cousins.