The CITY OF AUSTIN et al., Appellants,

v.

The AUSTIN NATIONAL BANK, Austin, Texas, Appellee.

No. 11957.

Court of Civil Appeals of Texas, Austin.

Nov. 1, 1972.

Rehearing Denied Dec. 6, 1972.

Second Motion for Rehearing Overruled Jan. 3, 1973.

Jack F. Cook, Jr., Don R. Butler, City Atty., Richard E. Tulk, Asst. City Atty., Austin, for appellants.

Gibson R. Randle, Kendall, Randle, Finch & Osborn, Robert L. Davis, Will G. Barber, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a will construction suit brought by Appellee, Austin National Bank, as executor of the estate of Mary Mayfield Gutsch, deceased, under the Uniform Declaratory Judgment Act, Article 2524–1, Vernon's Ann.Civil Statutes. Defendants in the suit were the beneficiaries named in the will: The City of Austin, The Humane Society of Austin and Travis County, Anne Knight Hoey, Dr. and Mrs. C. M. Darnall, Esteban Arredondo and his wife, Magdalena Martinez Arredondo, Salime Ramirez, Joe Bragg, Mrs. Margaret Drake Thomson, and Goodwill Industries of Austin, Inc. The Attorney General of the State of Texas was made a defendant in this case as required by Article 4412a V. A.C.S.

Pursuant to trial, the court entered judgment construing the terms of the will. Findings of fact and conclusions of law were made by the court. Appeals to this Court were then perfected from portions of the judgment by the Humane Society and by the City of Austin.

We affirm the judgment of the trial court in part and reverse and render in part.

The Humane Society is before this Court on nine points of error, the first two, briefed together, being the errors of the trial court in holding that the will establishes a charitable trust for the benefit

of the Humane Society and that the will establishes the Austin National Bank as testamentary trustee. In connection with these points we will discuss Appellant Humane Society's points 7, 8 and 9 which complain of the $9,500 awarded appellee's executor for attorney fees as unreasonable and further that the court should not have ordered them paid out of the residuary estate of the deceased.

We overrule these points.

Appellant Humane Society contends that Mrs. Gutsch did not appoint the Austin National Bank as trustee in her will; that the entire benefit of her estate was for the animals cared for by the Humane Society; that the Humane Society, a charitable corporation, is not the beneficiary of Mrs. Gutsch's beneficence; that it is merely the entity she chose to endow for the benefit of the animals. Further that Mrs. Gutsch's intent is most effectively accomplished by either finding that she made an absolute gift in fee to the Humane Society; or, if she did create a trust in the will, she intended that the animals be the beneficiaries and the Appellant Society be their trustee.

In support of its argument, Appellant Humane Society states that the general rule of law applied by a number of other jurisdictions is that a gift of the entire income property, to a charitable corporation, for an unlimited time, with no gift over, is a gift of the corpus and not a trust.[1] An exception to this general rule, that the cases recognize, is that it is inapplicable where the intent of the testator is to the contrary. National Newark & Essex Banking Co. v. Arthur Sunshine Home & Kindergarten, 113 N.J.Eq. 313, 166 A. 635 (N.J.Ct.Chancery, 1933); In re Johnson's Estate, 148 Misc. 218, 265 N.Y.S. 395 (N.Y. Surrogate's Ct., 1933); In re Olmstead's Will, 131 Misc. 238, 226 N.Y.S. 637 (N.Y. Surrogate's Ct., 1928).

Thus it becomes the duty of this Court, in construing Mrs. Gutsch's will, to determine and carry out her intent as shown by the provisions of her will as a whole and also the surrounding circumstances. Stewart v. Selder, 473 S.W.2d 3 (Tex.1971).

Mrs. Gutsch's will, which is holographic, used the words, "I want the Austin National Bank to administer my estate;" and after several specific bequests, left the income from the residue of the estate to the Humane Society. Thus we have evidence of an intent to create a perpetual charitable trust, and her failure to use the words, "trust" or "trustee" or to spell out the terms of the trust do not defeat her intent. Taysum v. El Paso National Bank, 256 S. W.2d 172 (El Paso, Tex.Civ.App.1952, writ ref.); Wilson v. Franz, 359 S.W.2d 650 (El Paso, Tex.Civ.App.1962, writ ref.).

The will then makes various gifts of Mrs. Gutsch's properties to named donees. Two gifts are then made to the Humane Society. The first, upon a stated contingency, is a gift of her home place. The second gift, instead of making a gift of the property itself is as follows: "All of the income from the remainder of my estate shall go to the Humane Society. . . ." This second gift evidences an intent to give something less to the Humane Society than was intended in the first gift.

In addition to Mrs. Gutsch's intent to create a charitable trust as shown by the will itself, there was testimony in support of this intent. Dr. and Mrs. Gutsch had been stockholders in the bank since 1945 and had been depositors since 1929. There is evidence of close association, both on a business and social level, with the officers in charge of the Trust Department and there is also evidence of Mrs. Gutsch's confidence in the bank. Further evidence of Mrs. Gutsch's intent

1. In re Bergen's Will, 22 Misc.2d 762, 193 N.Y.S.2d 817 (1959); Syfer v. Fidelity Trust Co., 184 Md. 391, 41 A.2d 293 (1945); Brandt v. Y.W.C.A., 169 Md. 607, 182 A. 452 (1936).

to create a perpetual charitable trust is evident in a note in her handwriting which was found in an envelope with the will. Although the will itself does not use the word "trust," the note does: "Home with acreage to be used only for park otherwise to be given to trust for Humane Society to be sold or used by them." Even though, this note is not a part of the will, and was not allowed in probate, it is wholly in Mrs. Gutsch's handwriting and can be properly considered in construing the language of the will to arrive at her intent. Stewart v. Selder, *supra*; 61 Tex.Jur.2d Wills, Section 181, p. 315.

We hold that Mrs. Gutsch's intent was to create a perpetual charitable trust for the benefit of the Humane Society and that this intent was properly given effect by the trial court.

We also hold that the trial court correctly held that the will establishes the Austin National Bank as testamentary trustee.

■ Mrs. Gutsch wrote her will in her own language, and it would not be expected that she necessarily would use words of art, such as "executor" and "trustee", which a lawyer would use. The word "executor" does not appear in the will, but it has long been settled in Texas that if the will, in substance, provides that a named person perform the functions and have the authority an executor would have, then that person is sufficiently designated as the executor in the will to authorize his filing the will for probate and receiving letters testamentary as executor, Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935 (1954); Stone v. Brown, 16 Tex. 425 (1856).

The courts have also held that it is not necessary that a will use the word "trust" or "trustee" in order for a trust to be created or for the person charged with a trustee's duties to be a testamentary trustee. Gonzalez v. Gonzalez, 457 S.W.2d 440 (Corpus Christi, Tex.Civ.App.1970, writ ref. n. r. e.); Heironimus v. Tate, 355 S.W.2d 76 (Austin, Tex.Civ.App.1962, writ ref. n. r. e.).

We overrule these points.

■ The trial court found that the bank brought the suit in good faith and that the attorney's fees charged were reasonable and necessary. There is no evidence to the contrary. The fact that the bank is the trustee of the estate as well as the executor does not preclude liability of the estate for such fees as were reasonable and necessary for services rendered on behalf of the estate. Thornhill v. Elskes, 412 S.W.2d 73 (Waco, Tex.Civ.App.1967).

■ A trustee is to be paid for its work on behalf of the estate subject to review by the court. Article 7425b–24 and 7425b–36 V.A.C.S. Similarly, an executor or administrator is entitled to compensation as fixed by the court. Probate Code, Secs. 241–244 V.A.T.S. in the cases relied upon by Appellant Society, in its argument to disallow the fees, either the action was not brought in good faith or the interests were adverse to the estate.[2] These cases are not in point here.

Appellant Humane Society's point of error number 3 is the error of the trial court on holding the will provision "Ann Hoey has a choice of any or all furniture and also silver—or any other household wares . . ." includes jewelry, paintings, objects of art and other tangible personal property.

We overrule this point.

Appellant Society maintains that Ann Hoey is given her choice of "furniture, sil-

2. Rowe v. Dyess, 213 S.W. 234 (Tex.Com. App.1919); Simpson v. Goggin, 5 S.W. 2d 610 (Tex.Civ.App., San Antonio, 1928, writ ref., n. r. e.); Ogden v. Shropshire & Adkins, 37 S.W.2d 249 (Austin, Tex. Civ.App.1931, writ ref., n. r. e.); Pottinger v. Southwestern Life Ins. Co., 138 S.W.2d 645 (Tex.Civ.App. Waco, 1940, no writ).

ver, or any other household wares;" that no definition to be found will include jewelry in any of the words of this bequest; that words of general nature follow "furniture or silver", and consequently, they must be considered under the rule of *ejusdem generis,* 61 Tex.Jur.2d 252, 253, 348, Wills Sections 131, 221, and the cases there cited. We do not agree with this narrow construction of the will.

In its finding of fact and conclusions of law the trial court found that it was " . . . the intention of the testatrix, as evidenced by her will and the evidence in this case, was to give the defendant Anne Knight Hoey her choice of all furniture, silver and other personal belongings owned by the decedent at the time of her death, including without limitation all jewelry, excepting that given to Peggy Thompson, plates, china, paintings, pictures, linens, and other personal property of a permanent nature in or associated with the household or residence of the testatrix."

 In the will before us Mrs. Gutsch's testamentary intent must be determined, not by isolating the language of the particular bequest alone, but from the will as a whole and any testamentary scheme of disposition thereby reflected. Pickering v. Miles, 477 S.W.2d 267 (Tex.Sup.1972); Haile v. Holtzclaw, 414 S.W.2d 916 (Tex. Sup.1967). Moreover, if the testamentary intention can be thus ascertained, "then any particular paragraph of the will which, considered alone, would indicate a contrary intent, must yield to the intention manifested by the whole instrument." McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412 (1887); Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334 (1946). In arriving at such testamentary intention, the whole scheme of the will should be kept in mind and the court may, in order to effectuate that intention, where it is apparent from the will as a whole, "depart from the strict words, and read a word or phrase in a sense different from that which is ordinarily attributed thereto. . . ." Watten-

burger v. Morris, 436 S.W.2d 234 (Ft. Worth, Tex.Civ.App.1969, writ ref. n. r. e.).

 Mrs. Gutsch's testamentary intent and scheme of disposition were to divide and dispose of her property in three basic categories. The first is realty. The second category is her tangible personal property (her *personal belongings,* as found by the trial court) all of which were located in her home at the time of her death. The third category, the remaining property owned by Mrs. Gutsch at the time of her death, is her intangible personal property such as stocks, bonds and cash, all of which have income producing capacity. Mrs. Gutsch first made specific bequests out of this property of money to those persons named in her will, and then left the residue to the Humane Society. The overall scheme of disposition in the will leaves the income producing property (intangible personal property, and conditionally, her real property) to the Humane Society, and leaves the movable tangible personal property in her home, her personal belongings, to Ann Hoey. This latter bequest was subject to the devise of a few specific pieces of jewelry to Peggy Thompson followed by a devise of the residue of this property (which in all likelihood would be of a modest value after the exercise by Ann Hoey of her discretionary choices) to Goodwill. This scheme of disposition of the tangible personal property is further strengthened by that provision of the will which states "nothing to be sold at house —everything left to be given to Goodwill Industries and *moved out* not disposed of at home [house]".

It is uncontroverted that Mrs. Gutsch was a childless widow, that Ann Hoey was her only godchild and that Mrs. Gutsch had a great affection for her.

We hold that the trial court was correct in finding, from an examination of the will in its entirety, that Mrs. Gutsch intended by her bequest to Ann Hoey, and the companion residual bequest of "everything left" to Goodwill, to dispose of every item

of tangible personal property in her house at the time of her death with the exception of the two pieces of jewelry specifically given to Peggy Thompson.

■ We also hold in response to Appellant Humane Society's point to the contrary, that the trial court correctly held that Goodwill Industries was entitled to what was left of furniture, silver and household wares after Appellee Ann Hoey was given first choice of Mrs. Gutsch's personal property remaining in the house.

Mrs. Gutsch's will provided that her home and surrounding land be left to the City of Austin ". . . as a park to be used for no other purpose—not to be used by any other organization—otherwise it shall be given to the Austin Travis County Humane Society—park to be known as Mayfield Park."

The trial court found in its conclusion of law that Mrs. Gutsch had left the property to the City of Austin, with a condition subsequent that the real property and the improvements "shall be used as a public park and shall not be used for any other purpose and shall not be used by any other organization, except as the use of said property by the general public, including other organizations, is consistent with a use of said property as a public park."

The Appellant Humane Society has a point of error before us to the effect that this finding is in error as it enlarged upon the devise. The City of Austin also finds error in the finding of the court that the abovementioned provision is a condition subsequent rather than a covenant.

We overrule these points.

■ We hold that the words "not to be used by any other organization," correctly construed, prevents the City of Austin from turning over the control and management or exclusive use of the property to some organization other than the City. These words do not restrict the use of the property as a park by all of the people, in-cluding organizations. Lewis v. City of Ft. Worth, 126 Tex. 458, 89 S.W.2d 975 (1936); King v. Sheppard, 157 S.W.2d 682 (Tex.Civ.App.1941, writ ref. w. o. m.).

■ We also affirm the trial court's finding that the restriction resulted in a condition subsequent which in the event of a breach causes the property to revert to the Humane Society. Ryan v. Porter, 61 Tex. 106 (Tex.Com.App.1884); Dilbeck v. Gaynier, Inc., 368 S.W.2d 804 (Tex.Civ. App.1963), 16 Baylor L.Rev. 147, 165 (Spring, 1964).

We sustain, however, the Humane Society's point that the trial court erred in upholding the provisions of the will that gave "Dr. and Mrs. C. M. Darnall $5,000 and Esteban Arredondo $2,500 and Magdalena Martinez," inasmuch as Mrs. Gutsch had stricken presumably out these bequests with her own hand.

The findings before us indicate that Mrs. Gutsch drew a line through each of the abovementioned bequests. There were other instances in this holographic will where Mrs. Gutsch struck out a fragmentary sentence, never completed, and a proper name that she rewrote in the same manner. The only reasonable conclusion that we can reach is that she wanted these bequests deleted. There is no evidence before us that would convince us otherwise.

The judgment of the trial court is affirmed in part and reversed and rendered in part.

## ON MOTION FOR REHEARING

Appellees Dr. and Mrs. C. M. Darnall and Esteban and Magdalena Martinez Arrendondo, husband and wife, have a motion before us to set aside our prior judgment in this case insofar as it is adverse to them, to grant them a rehearing and affirm the judgment of the trial court as to them.

We grant this motion.

At the hearing before the probate court to probate the will of Mrs. Gutsch, the Humane Society expressed no objection to the order as signed, including probate of the lined-out Darnall and Arredondo bequests. That order expressly provided that the Darnell and Arredondo bequests had not been revoked and that they were admitted to probate as part of the will. The Humane Society did not appeal from the order of probate which is conclusively presumed to be supported by evidence justifying the finding that the lines in effect be ignored. This judgment is not now subject to collateral attack.

Consequently, questions of probate were not before the district court. The only questions before that court were those of construction of the will. The probate order admitting the will to probate, which order included the bequests to these appellees, became binding upon the district court and upon this Court. Day v. Day, 257 S. W.2d 793 (Tex.Civ.App.1953, no writ hist.) ; Taylor v. Dinsmore, 114 S.W.2d 269 (Tex. Civ.App.1938, writ ref.) ; Lipscomb v. Lofland, 141 S.W.2d 983 (Tex.Civ.App.1940, no writ hist.) ; Dallas Joint Stock Land Bank of Dallas v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046 (Tex.Com.App.1937).

Thus, the only question remaining before us is the trial court's construction of the will as it pertains to those appellees. The trial court held, and we affirm this holding, that the will[1] constituted an unconditional bequest of a total of 5,000 dollars to both Dr. and Mrs. C. M. Darnall (and not to each); that the will also gave an unconditional bequest of a total of 2,500 dollars to both Esteban Arredondo and Magdalena Martinez, who is the wife of Esteban Arredondo, and is also known as Magdalena Martinez Arredondo (and not to each).

Consequently, we set aside that portion of the opinion handed down November 1,

1972 reversing and rendering that portion of the trial court's judgment which construed the bequests to the Darnalls and the Arredondos, and affirm the judgment of the trial court as to these bequests.

---

[1]. The bequest in controversy is as follows:
" . . . Dr. & Mrs. C. M. Darnall

$5000 Esteban Arredondo $2500 and Magdalena Martinez . . . "