THOMAS GROONSTAD, as Administrator, etc., of ISAAC C. ISAACKSEN, Deceased, Respondent, *v.* ROBINS DRY DOCK AND REPAIR COMPANY, Appellant.

Second Department, October 6, 1922.

Appeal — motion for reargument under rule 21 or for leave to appeal to Court of Appeals denied — point claimed to have been overlooked or misapprehended not raised in brief or oral argument and not considered by court in deciding appeal — Court of Appeals must determine whether it should consider question of law not presented to Appellate Division — court should not search record for points not raised by counsel.

A motion for reargument of an appeal under rule 21 of the rules of this department or for leave to appeal to the Court of Appeals will be denied where it appears that the point claimed to have been overlooked or misapprehended was not raised by counsel on the appeal either in the briefs or by oral argument and was not considered by the court in deciding the appeal, as under such circumstances this court has not overlooked or misapprehended any point within the meaning of said rule, and it is for the Court of Appeals to determine whether it should consider a question of law not presented to the Appellate Division.

*It seems*, that the court should not search the record for points not raised by counsel.

MOTION for reargument of an appeal by the defendant, Robins Dry Dock and Repair Company, from a judgment of the Supreme

Second Department, October, 1922.      [Vol. 203

Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of December, 1921, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes, or for leave to appeal to the Court of Appeals.   (See 201 App. Div. 581.)

*Paul Koch,* for the motion.

*Grant Hoerner,* opposed.

BLACKMAR, P. J.:

The judge presiding at the trial charged the jury the rule of apportionment of damages for contributory negligence.   To this the defendant excepted.   However, when the case came before this court, no point as to that exception was made by the defendant in its brief or oral argument.   This court, therefore, did not consider that question but affirmed the judgment, the opinion ending with these words:   " No error being found in the exceptions urged and considered, and no further points being presented by the appellant, the judgment and order should be affirmed, with costs."

A motion for reargument, under rule 21 of the rules of this department, may be made on the ground that the court has overlooked or misapprehended points made by counsel.   In this case the court did not overlook the fact that that question was in the case, and the concluding sentence in the opinion was inserted to show that the affirmance was based solely on the consideration of the points presented and argued.   Our judgment is that the court should not search the record for points that were not raised by counsel, both because the respondent has had no opportunity of answering such points and because this court should assume that appellant has good reasons for not presenting them.   There is, therefore, no case made for a reargument.

Whether under such circumstances the Court of Appeals, having jurisdiction to consider all questions of law, would consider a point that has not been raised or presented in the Appellate Division and, therefore, has not been passed upon by this court, is for that court to determine.

Under these circumstances we think the proper course is to deny the motion for reargument on the ground that this court has not overlooked or misapprehended any point, and to deny the motion for leave to appeal to the Court of Appeals upon the ground that we cannot certify that there is a question of law which ought to be reviewed by that court, for it is for that court

to determine whether it should consider a question of law that was not presented to the Appellate Division.

The motion should be denied, with ten dollars costs. Stay for thirty days to permit application to the Court of Appeals.

KELLY, MANNING, KELBY and YOUNG, JJ., concur.

Motion for reargument or for leave to appeal to the Court of Appeals denied, with ten dollars costs. Stay for thirty days to permit application to the Court of Appeals.