In the Matter of the Estate of FLORENCE B. HARRINGTON, Deceased.
ROME HOSPITAL and MURPHY MEMORIAL HOSPITAL and Another, Appellants; GEORGE E. BACON, Administrator, etc., of FLORENCE B. HARRINGTON, Deceased, Respondent.

Fourth Department, June 26, 1935.

*William Hughes*, for the appellants.

*Michael J. Larkin*, for the respondent.

CROSBY, J. When this matter was first before us this court reversed the decree appealed from and remitted the matter to the surrogate for further proceedings in accordance with the opinion which is found in 243 Appellate Division, 235.

Through an inadvertence the fact was overlooked that the original Rome Hospital, trustee under the will of this testatrix, had abandoned its appeal and had stipulated itself out of the case. Such stipulation was filed with the clerk of this court at the time the appeal was first argued. That stipulation having been called to our attention, an order has now been made dismissing the appeal of the said Rome Hospital.

Before determining the main question, whether or not the disappearance of the Rome Hospital, as an appellant herein, should work a change in our former decision, we must deal with a question of practice. Respondent now claims that there are no questions, even of law, properly before us for review, for the reason that appellants did not file exceptions to the surrogate's findings. This point was not raised in respondent's brief or argument when the appeal was first before us, and ought not to be raised for the first time upon reargument after the court has been to the pains of passing upon all questions raised. (*Groonstad* v. *Robins Dry Dock & Repair Co.*, 203 App. Div. 33.)

Furthermore, it is doubtful if the point is well taken anyway. Sections 71, 72 and 294 of the Surrogate's Court Act provide for filing exceptions in Surrogate's Court the same as in Supreme Court, and the practice in Supreme Court is laid down in sections 444 and 445 of the Civil Practice Act. By referring to the last mentioned sections we find that they require exceptions to be filed " to the ruling of the court or of a referee, upon a question of law, *arising upon the trial of an issue of fact.*" (See *Matter of Findlay*, 253 N. Y. 1, at pp. 14, 15, 16.)

There was no issue of fact in the instant case. To be sure some evidence was taken on some formal matters, but there was no answer to the petition, which merely asked for a construction of certain paragraphs of the will, and there was not an issue of fact in the case.

Coming, then, to the main question, what difference does it make that the original Rome Hospital, the trustee, has vanished from the case? Having disposed of its real estate it no longer is interested in having its property improved, and apparently it does not care to act as trustee. A charitable gift cannot be defeated by the indisposition of the trustee to function as such. It would make no difference if no trustee had even been appointed by the will. It would become the duty of the court to administer the trust. (Pers. Prop. Law, § 12.) Under this section, too, it becomes the duty of the Attorney-General of the State to enforce the trust. Even with the Rome Hospital out of the case we feel that the whole subject-matter is before us, as well as all necessary parties. These charitable gifts have a public character; they would not be charitable if they lacked such character, and the law is jealous to see that they are not defeated if capable of being carried out. The Surrogate's Court now has concurrent jurisdiction with the Supreme Court to administer such gifts. By our former decision we remitted the matter to the surrogate to determine, upon proper application, and with the proper parties in court, whether the *cy pres* doctrine can be applied in this case so as to save this charitable gift. We do not here attempt to say that it can be. Perhaps the present owner of the property of the original Rome Hospital does not want an annex to its building, or does not want such an annex as the surrogate (if the matter shall be brought in Surrogate's Court) will approve. And it may be, as respondent suggests, that the available fund is totally inadequate to accomplish what was intended by the donor of this charity. All we say here is that this case presents a gift charitable in its nature, and of the kind the Legislature had in mind when it revived the old *cy pres* doctrine. If there are reasons why it cannot be carried out in the spirit of the gift let that matter be determined in the orderly way. Our judgment is merely declaratory of the nature of the gift and the rights of the parties; the court has done all it was petitioned to do, in construing the will. It is my opinion that we should adhere to our former decision and grant no further costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

On reargument, decree reversed on the law and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion filed on the original decision of this appeal and the opinion filed herewith, without costs.