In the Matter of the Accounting of ETHEL B. WILLIAMS, as Executrix of MARIA E. RHINEBECK, Deceased.

Surrogate's Court, Delaware County, February 27, 1946.

*Fred H. Jeffers* for executrix, petitioner.

*F. Randall Hagerman* for Floyd H. Rhinebeck, respondent.

CURTIS, S. It is claimed that the third paragraph of the decedent's will unlawfully suspends the alienation of her real estate. This paragraph devises the use of a farm to a designated devisee for a period of five years after the death of the testatrix, and at the end of this period of five years the farm is

given to another person and charged with the payment of eighteen money legacies.

A suspension of alienation for a definite period, such as the five years mentioned in this will, is contrary to section 42 of the Real Property Law. This rule, however, is not applicable. Persons now in being can execute a deed of the premises so as to convey a good title. This may require the concurrent action of twenty different persons. Nevertheless, these persons have the present power to convey a good title to the property, and its alienation is therefore not suspended within the meaning of section 42.

The rule is well expressed in *Williams* v. *Montgomery* (148 N. Y. 519, 526) as follows: " The test of alienability * * * is that there are persons in being who can give a perfect title. * * * Where there are living parties who have unitedly the entire right of ownership, the statute has no application. * * * The ownership is absolute whether the power to sell resides in one individual or in several. If there is a present right to dispose of the entire interest, even if its exercise depends upon the consent of many persons, there is no unlawful suspension of the power of alienation. The ownership, although divided, continues absolute.''

It is to be noted that the will further gives the executrix power of sale '' to carry out the provisions of this, my last will and testament.'' A power of sale does not necessarily cure an unlawful suspension of alienation created in prior provisions of the will, but in this case it may be a definite aid in conveying the title to the fee.

Counsel relies upon the decision in *Matter of Hitchcock* (222 N. Y. 57), where the alienation was suspended for a definite period of years. In that case, however, the will created a trust and hence the property could not be conveyed during the existence of the trust. In this case, there was no trust created which might restrict the alienation.

One of the persons whose legacy is a charge on the real estate asks that it be determined when this legacy is payable. The will is construed as creating the charge five years after the death of the decedent. The legacy is then payable.

A decree may be entered construing the will as above outlined and settling the accounts of the executrix.