In the Matter of the Accounting of EDMUND T. DELANEY et al., as Executors of ADA M. KEARNEY, Deceased.

Surrogate's Court, New York County, April 13, 1951.

*Barclay Shaw* for Edmund T. Delaney, as executor, petitioner.

*Samuel K. Abrahams* for May M. O'Connor, as executrix, petitioner.

*John P. McGrath, Corporation Counsel (John F. Kelly and Herbert Lefkowitz* of counsel), for City of New York, respondent.

*Joseph V. McKee* for Seton Hospital, respondent.

*Forbes J. Holland* for Dominican Sisters of the Sick Poor, respondent.

*George B. Fargis* for Woodstock-on-Hudson Corporation, respondent.

COLLINS, S. The court holds that the bequest in paragraph "Tenth" of the will "unto Seton Hospital located on Henry Hudson Parkway, New York City" is payable to The Seton Hospital, a membership corporation of the State of New York, presently located at 127 South Broadway, Yonkers, New York. At the time the will was executed there was only one corporation which bore the name Seton Hospital and that was The Seton Hospital which was then located on Henry Hudson Parkway, New York City. The fact that the corporation later moved to another location is not material, for the will sufficiently described the legatee intended to be benefited. The intention of the testatrix in disposing of her estate is to be ascertained not by what occurred long after the execution of her will but by what was apparently or presumably in her contemplation at the time she was making it. (*Matter of Hoffman,* 201 N. Y. 247.)

The general plan of the will indicates that the testatrix intended The Seton Hospital to take the bequest in question for the will provides that practically all of the legacies and the residuary estate shall go to clergymen or religious corporations of the same persuasion as the testatrix and of the religious order

that operates The Seton Hospital. No legacy was made to any secular or non-Catholic charity or church corporation. In *Matter of Harrington* (243 App. Div. 235, reargued 245 App. Div. 252) it was held that a remainder interest vested in Rome Hospital, a charitable corporation, even though it had conveyed its hospital plant to the City of Rome and ceased to operate in any way as a hospital but retained its corporate entity to administer certain trust funds. In this case The Seton Hospital not only continues a corporate existence but still operates as a hospital and is capable and willing to accept the bequest under the terms specified in the will. The personal claim set out in Schedule D-2 of the account is allowed in the amount requested. Payment for legal services as shown in Schedule C of the account is approved.

Submit decree on notice construing the will and settling the account of the executors accordingly.