Maximilian Moss, S.
In this proceeding the executors seek a determination as to the validity and effect of the disposition of property described in testator’s will and authorization to sell the real property of which testator died seized. Testator’s will dated April 18, 1956 was admitted to probate in this court on August 7,1959.
After providing for the payment of administration expenses, testator in paragraphs “ second ” and “third” of his will devised a parcel of real property to his brother, Henry Wagner, and another parcel to his son-in-law, “ absolutely ”. In paragraphs “ fourth ” to “ tenth ” inclusive, testator bequeathed general legacies to two nieces and five churches. Paragraph “eleventh”, which is the residuary clause,.disposed of the remainder of testator’s estate, both real and personal, as follows: (a) 60% to his said brother, Henry, and (b) 40% to his son-in-law, Otto Weiss; and in paragraph “ twelfth ” directed that in the event his brother Henry predeceased him, then “ one-half of his remaining share be distributed amongst the above enumerated five Churches equally, and the balance to be given to my son-in-law, otto weiss.” Under paragraph “thirteenth” testator provided that all payments be made from “ cash assets ” at the time of his death and in the event the cash was not sufficient, then “ distribution of these cash bequests be made on a proportionate basis.” The will in paragraph “fourteenth” further provided that the executors are ‘ ‘ not to attempt to dispose of any of my realty until two (2) years after my death ” and thereafter the executors were to exercise “ their discretion ” *191 to sell or otherwise dispose of the real property. Testator also provided in paragraph ‘ ‘ fourteenth ’ ’ of the will that ‘ ‘ If, further, there is not sufficient sums to make the payments as mentioned in paragraph ‘ twelfth ’, then I direct that as soon as any sales of realty are made, that first the specific bequests be paid and thereafter distribution be made to my surviving distributees.” (Emphasis supplied.) Henry Wagner predeceased the testator leaving no descendants surviving.
In construing the meaning of the language used by testator, his intention must be gathered from the will as a whole (Matter of Evans, 234 N. Y. 42 ; Matter of Watson, 262 N. Y. 284 ; Matter of Upjohn, 304 N. Y. 366). A reading of the will, particularly paragraphs “ eleventh ” to “ fourteenth ” inclusive, reveals several patent ambiguities. While paragraph “ fourteenth ” refers to the “ payments as mentioned in paragraph ‘twelfth’,” paragraph “ twelfth ” itself contains no provision for payments of any specific amounts. It is in fact part of the residuary clause since it refers to the ultimate distribution of Henry Wagner’s 60% of his remaining share in the event he predeceased testator. The only other paragraph in the entire will, other than the “ fourteenth ”, in which the word “ payments ” is found is the “ thirteenth ”. It is obvious, therefore, that the reference to paragraph “ twelfth ’’found in paragraph ‘ ‘ fourteenth ’ ’ is an error of the draftsman. Paragraph “ fourteenth ” is meaningless unless the true intent of the testator was to refer to “ payments ” mentioned in paragraph “ thirteenth Reading paragraphs “thirteenth” and “ fourteenth ” together it is clearly evident that testator intended to have the general legacies paid in full, first from cash on hand and if such sums were not sufficient then on a proportionate basis and to be fully paid from proceeds realized from the sale of the realty. Apparently testator anticipated that his cash assets might not be sufficient to pay the general legacies in full at the time of his death. Therefore he provided for proportionate distribution until the realty be sold. Testator’s intent in that regard is also discernible from the language contained in said 1 ‘ fourteenth ’ ’ paragraph, ‘ ‘ that first the specific bequests be paid and thereafter distribution be made to my surviving distributees.” (Emphasis supplied.) The quoted language indicates an inaccurate choice of legal terms since the cash bequests under the will are general and not specific. The reference to “ surviving distributees ” was intended as surviving legatees since no intention of having any part of testator ’s estate pass by intestacy is indicated. The significant words in paragraph “ fourteenth ” are “ paid ” and “ thereafter ”. *192 The cash bequests were to be paid first and thereafter distribution was to be made to the residuary legatees.'
The court determines that the gifts to Henry Wagner, who predeceased testator, lapsed and pass under the residuary clause of the will; that the cash bequests provided for under the will be paid proportionately from the cash on hand at the time of testator’s death and that the cash received from the sale of realty be first applied to pay the balance of the general legacies to the named legatees proportionately and that the excess received from the sale of the realty over the amount needed to pay the general legacies shall pass under the residuary clause. The court further determines that the prohibition contained in paragraph “ fourteenth ” against sale of the realty by the executors until two years after testator’s death is invalid since it violates the statute (Real Property Law, § 42) by suspending the absolute power of alienation for a fixed period other than two lives in being at the creation of the estate. The first sentence and the first word of the second sentence of said paragraph are therefore excised by the court since testator’s testamentary scheme is not adversely affected by such excision (Kalish v. Kalish, 166 N. Y. 368 ; Matter of Storm, 205 Misc. 1109 ; Matter of Rhinebeck, 186 Misc. 803 ; Matter of Lyons, 271 N. Y. 204 ; Matter of Goldstein, 3 A D 2d 16). The executors are vested under the will with full discretionary powers to sell or deal with the real property as they deem best and in the absence of unusual circumstances the court will not substitute its judgment for those upon whom the duty to settle the affairs of the estate has been east by the testator (Matter of Ximenez, 107 Misc. 460 ; City Bank Farmers Trust Co. v. Smith, 263 N. Y. 292 ; Matter of Pulitzer, 139 Misc. 575, 586). The executors’ request for approval and authorization by the court to sell the various parcels of realty in accordance with the terms of the contracts of sale attached to the petition is denied without prejudice to their right to dispose of the same, subject only to the exercise of diligence and good faith in the best interests of the estate.