S. Samuel Di Falco, S.
In this accounting proceeding a question of construction arises which involves the validity of a legacy of $2,500 of the remainder of the residuary trust to the Children’s Haven of Far Bockaway, New York. The testator died in 1942. The legatee, a membership corporation, which was one of the objects of his generous bounty was dissolved in 1952. The trust terminated at the death of the life beneficiary in 1959. The general guardian for infant remaindermen argues that the dissolution of the Children’s Haven brought about a lapse of its share of the remainder and that the bequest passes to her wards as part of the general legacy of principal pursuant to Paragraph Second, subdivision (j). It is the position of the general guardian that subdivision 14 of section 57 of the Membership Corporations Law operatés to defeat this gift to a dissolved corporation. This statute has no application to this case, since a contingent gift is not involved. It is plain that the bequest to the Children’s Haven of Far Bockaway vested in *595 that corporation on the decedent’s death. The charitable organization was then in existence and was not dissolved until 10 years thereafter. The gift to it of $2,500 of the remainder was absolute. This will contains nothing indicating a conditional limitation. The court finds that this gift vested at the testator’s death and that there can now be no lapse as to same. (Matter of Scott, 1 Misc 2d 206; Matter of Clark, 1 Misc 2d 869; Matter of Bowne, 11 Misc 2d 597; Sherman v. Richmond Hose Co. No. 2, 230 N. Y. 462; Matter of Ablett, 3 N Y 2d 261.)
The cy pres power of the court will be invoked in order to prevent the general charitable purpose of the testator from being defeated by the change in condition that has resulted since his death. Accordingly, it is held that the $2,500 bequest of the remainder of the residuary trust vested in the Children’s Haven of Far Eockaway, New York, but passes subject to the operation of section 12 of the Personal Property Law because of the dissolution of the designated legatee.
The court will confer with counsel at 12:00 m. on March 9, 1961, with a view toward selecting as the recipient of said bequest, an orphanage which will most clearly give effect to the intention of the testator.