S. Samuel Di Falco, S.
In this proceeding to settle the trustee’s final account, petitioner seeks a construction of the twelfth paragraph of testator’s will and instructions respecting perpetual care of the decedent’s burial plot and mausoleum and inscription of the name of testator’s now deceased daughter upon the mausoleum. His will, dated October 13, 1927, established a trust of his residuary estate for the lives of his wife and daughter. They survived the testator, and both have died without issue surviving. In that event, the trust remainder is bequeathed as follows: “ I give, devise and bequeath my entire residuary estate * * * to the Federation for the Support of Jewish Philanthropic Societies of New York City, upon condition, however, that the same shall be set aside * * * as the ‘ Arthur bloch trust ’ and be used for the general purposes and objects of the Federation, and upon the further condition *961 that out of my said residuary estate, the Federation shall first pay, and I hereby give and bequeath to each of the following named institutions, the sum of Ten Thousand ($10,000) Dollars, namely: (1) Mount Sinai Hospital, City of New York; (2) Montefiore Hospital for Chronic Diseases; (3) Lebanon Hospital Association, City of New York; (4) Hospital for Deformities and Joint Diseases; (5) Hospital for Consumptive Children, West 236th Street, near Spuyten Duyvil Parkway; (6) Masonic Home and Hospital in Utica, New York; to be used by each of said hospitals for the purpose of endowing perpetual beds in the name of 6 Arthur and Florence blooh ’, and to the (7) Home for Aged and Infirm Hebrews of New York; (8) New York Guild for the Jewish Blind; (9) The Hebrew Orphan Asylum of the City of New York; (10) Hebrew Sheltering Guardian Society of New York Orphan Asylum; (11) The Educational Alliance; (12) Visiting Nurse Service administered by the Henry Street Settlement in New York City; (13) The Salvation Army, with national headquarters at 120-130 West 14th Street, Manhattan, New York City; (14) The American Bed Cross (National) 17th and D Streets, N.W. Washington, D. C.; and (15) Children’s Aid Society, No. 105 East 22nd Street, New York City, for the use of the Brace Memorial or Newsboys’ Lodging House, 244 William Street, New York City, to be used by said institutions for their general purposes and objects.”
Paragraph Twelfth is construed as a gift of the entire residuary estate to the federation with a charge upon it for the payment of the designated charities. (Matter of Rhinebeck, 186 Misc. 803; Matter of Kennedy, 158 Misc. 617.) The income received by the residuary estate since the termination of the trust is payable to the Federation as the “ absolute residuary legatee ” (Personal Property Law, § 17-b; Matter of Dunn, 170 Misc. 702; Matter of Weinberg, 214 N. Y. S. 2d 971.)
Paragraph Twelfth (5) is construed as a gift payable to Seton Hospital Corporation. Paragraph Twelfth (6) is construed as a gift payable to the trustees of the Masonic Hall and Asylum Fund. A misnomer of misdescription of a legatee or devisee either a natural person or a corporation will not invalidate the provision or defeat the intent of the testator, if, either from the will itself or evidence dehors the will, the object of the testator’s bounty can be ascertained. Parol evidence is admissible to remove latent ambiguities. (Lefevre v. Lefevre, 59 N. Y. 434; Matter of Bergen, 22 Misc 2d 762; Matter of Kearney, 199 Misc. 1085.)
Paragraph Twelfth (9) and (10) is construed as a gift in each instance payable to the Jewish Children’s Care Association of *962 New York. The certificate of consolidation provides that any bequest shall enure to the benefit of the corporation. Each branch continues to carry on the same charitable work as it did at the time the gift vested. Paragraph Twelfth (12) is construed as a gift payable to Visiting Nurses Service of New York (Matter of Gordon, 8 Misc 2d 421; Matter of Hampton, 15 Misc 2d 846).
In the exercise of its cy pres powers, the gift under paragraph Twelfth (15) will be paid to Children’s Aid Society for the use of the Milbank Home for convalescent boys and for the Martha Home for convalescent boys. A gift embodying general charitable intent will not be defeated because a specific provision may not be carried out with exactitude (Matter of Hampton, 15 Misc 2d 846, supra; Matter of Leventhal, 27 Misc 2d 594; Matter of Scott, 1 Misc 2d 206).
On consent of the remainderman, a supplemental account may be submitted to provide for payment of the sum of $5,750 as a payment for perpetual care of the testator’s plot and mausoleum in addition to the sums provided for in paragraphs Eighth and Ninth of the will, and to provide also for the payment of the sum of $150 for inscription of the testator’s deceased daughter’s name on said mausoleum. (Surrogate’s Ct. Act, § 20, subd. 6; § 30; Matter of Strasenburgh, 148 Misc. 595; Matter of Osnato, 166 Misc. 618; Surrogate’s Ct. Act, § 216; Matter of Amols, 184 Misc. 364.)