Joseph A. Cox, S.
In this proceeding petitioner seeks construction of the First and Second paragraphs of decedent’s will dated December 12, 1941. Paragraph First provides: ‘‘1 give and bequeath to the Armenian Lebanon Sanitorium in Libya, if such institution can be located by my executor hereinafter named, the sum of one thousand ($1000) dollars, it being understood, however, that if the said institution has been destroyed as a result of the present war and is not rebuilt at the time this will is admitted to probate, then I give and bequeath said sum to any Armenian institution in the present mandated Province of Syria”. Examination of the probate proceedings discloses *49 that the word “ Libya ” in paragraph First was crossed out and the word “Lebanon” written above it in an executed carbon impression. An executed ribbon counterpart lacks the alteration appearing in the executed carbon impression. It is clear that whatever the purpose of the alteration it was not done with the formality required by section 34 of the Decedent Estate Law. Thus, the will was properly admitted to probate in its unaltered form. However, considering the general tenor of decedent’s will, the court is of the opinion that a general charitable intent is present which should not be defeated. Evidence submitted discloses that there is no Armenian Lebanon Sanitorium in Libya but that there is an Armenian Lebanon Sanitorium located at Beirut, Lebanon, and that it is the only organization with that name or any.similar name in Lebanon. A misnomer or misdescription of a legatee or devisee either a natural person or a corporation will not invalidate the provision or defeat the intent of the testator, if, either from the will itself or evidence dehors the will, the object of the testator’s bounty can be ascertained. Parol evidence is admissible to remove latent ambiguities (Lefevre v. Lefevre, 59 N. Y. 434; Matter of Bergen, 22 Misc 2d 762; Matter of Kearney, 199 Misc. 1085; Matter of Bloch, 30 Misc 2d 959). Paragraph First is construed as a gift payable to the Armenian Lebanon Sanitorium in Beirut, Lebanon.
Paragraph Second provides: “ I give and bequeath the sum of one thousand ($1000) Dollars to a society for assistance to war refugees, preferably Armenian, such society to be selected by my executor hereinafter named ”, Petitioner requests direction because the nominated executor predeceased the testator and also because he is unable to locate any organization engaged in the activities mentioned in said paragraph.
Where the named fiduciary has died, has failed to qualify or for some reason is incapable of exercising the discretion reposed in him, a further question must be answered, namely, whether the discretion conferred upon the named fiduciary was a personal commission which may not be exercised by a substitute or successor fiduciary. The answer depends upon the testator’s intention, to be ascertained from the language employed construed in the light of the relevant circumstances. The court has pursued this line of inquiry and concludes that the primary purpose of the testator was to devote the fund to charity and the method of allocation was secondary in consideration and subordinate in purpose and that the testator’s principal purpose should be effectuated (Matter of Michaels, 7 Misc 2d 439; Matter of Fox, 292 N. Y. 19). Evidence has been submitted that the Armenian General Benevolent Union of America, Inc., is a part *50 of an organization maintaining numerous chapters throughout the world providing aid and relief to Armenians. During World War II it expended over $600,000 for aid and relief of Armenian War Eefugees and displaced persons. In the exercise of its cy pres power, the court directs that the gift he paid to the Armenian General Benevolent Union of America, Inc. A gift embodying general charitable intent should not be defeated because a specific provision may not be carried out with exactitude (Matter of Hampton, 15 Misc 2d 846; Matter of Leventhal, 27 Misc 2d 594).